52  267
125a 209

JAMES R. PURDY, RESPONDENT, v. THE ROME, WATER-
TOWN AND OGDENSBURG RAILROAD COMPANY,.
APPELLANT.

*Injuries sustained by a servant — negligence of the master — agreement of release, void*
*if not given for a sufficient consideration.*

In an action, brought to recover damages because of personal injuries sustained by
the plaintiff while in the defendant's employ, it was claimed that the injuries..
were caused by the neglect of the defendant to furnish the plaintiff with proper·
implements and appliances to be used in the work on which he was employed.

The defendant set up as a bar to a recovery in this action a writing or paper,.
signed by the plaintiff, wherein it was stated that he agreed that the defendant.
should not, in any case, be liable to him for any damages or injuries to his
person or property by reason of the negligence of the defendant or his employees..
It appeared that this instrument was signed by the plaintiff while he was in the.
defendant's employ, and that at the time when it was signed no agreement was.
made between the parties as to any future employment of the plaintiff by the;
defendant, nor did the plaintiff read the instrument or know its contents.

*Held*, that, without deciding or discussing the question as to the validity of such:
an agreement, when founded upon a good and sufficient consideration and fairly
understood by the parties, this agreement was without a sufficient consideration
to support it, and that it was not a bar to this action.

APPEAL from a judgment, entered in the office of the clerk of·
Oneida county on the 12th day of February, 1887, on the verdict.
of a jury rendered at the Oneida Circuit against the defendant for·
$5,000 damages and costs, and from an order, made the 12th day·
of February, 1887, denying the defendant's motion for a new trial.
made upon the minutes of the justice presiding at the trial.

The action was brought to recover for personal injuries sustained
by the plaintiff while in the defendant's employ. It was based on
the alleged negligence of the defendant in not furnishing the
plaintiff with proper implements and appliances for the purposes of·
the work in which he was employed.

*Edmund B. Wynn*, for the appellant.

*G. S. Klock*, for the respondent.

MARTIN, J.:

A careful examination of the evidence in this case has led us to
the conclusion that it was sufficient to justify the court in submit-

ting the question of the defendant's negligence to the jury. (*Ellis*
v. *N. Y., L. E. and W. R. R. Co.*, 95 N. Y., 546; *Gottlieb* v.
*N. Y., L. E. and W. R. R. Co.*, 100 id., 462.)

Nor do we think it can be held, as matter of law, that the plaint-
iff was guilty of contributory negligence. Under the evidence the
question of plaintiff's contributory negligence was for the jury, and
was properly submitted to it. (*Thurber* v. *H. B., M. and F. R.
R. Co.*, 60 N. Y. 326; *Massoth* v. *D. and H. C. Co.*, 64 id., 529;
*Stackus* v. *N. Y. C. and H. R. R. R. Co.*, 79 id., 464; *Halsey*
v. *R., W. and O. R. R. Co.*, 12 N. Y. State Rep., 319; affirmed in
Court of Appeals March, 1889.)

The defendant claims that the writing or paper signed by the
plaintiff, wherein it was stated that he agreed that the defendant
should in no case be liable to him for any damage or injury to his
person or property by reason of the negligence of the defendant or
its employees, was a bar to the recovery in this action. This instru-
ment was signed by the plaintiff while he was in the defendant's
employ. His employment preceded the execution of the agreement
and continued until the time of his injury. When it was signed
there was no agreement between the parties as to any future employ-
ment of the plaintiff by the defendant. It was without any new
consideration whatever. The plaintiff did not read it, nor did he
know its contents. Without deciding or discussing the question as
to the validity of such an agreement, when founded upon a good
and sufficient consideration and fairly understood by the parties, we
are of the opinion that this agreement was without a sufficient con-
sideration to support it, and that the trial court committed no error
in holding that it was not a bar to this action.

The appellant has called our attention to no errors of the court in
the admission or rejection of evidence, or in its charge to the jury,
and we have found none that would seem to require discussion or
justify a reversal of the judgment herein, hence it follows that the
judgment and order should be affirmed.

HARDIN, P. J., concurred; MERWIN, J., not sitting.

Judgment and order affirmed, with costs.