Nathan Fanger, Respondent, *v.* Waldemar Caspary, Doing Business under the Name of Benjamin & Caspary, Appellant.

*Contract for services — when the defense of the Statute of Frauds must be pleaded in an action thereon — when, in the absence of such plea, an exception to evidence offered to establish it is available — oral contract when not affected by a subsequent written one — consideration.*

A verbal contract made December 30, 1900, by which the plaintiff agreed to work for the defendant from January 8, 1901, to the following January, is void under the Statute of Frauds, as, by its terms, it was not to be performed within one year from the making thereof.

Where a contract is sued upon, which, by the averments of the complaint, may fall within the provisions of the Statute of Frauds, the defendant must, in order to avail himself of the defense of the statute, plead such defense, or he will be deemed to have waived it.

In the absence of an affirmative plea of such defense an objection to the proof of the contract on that ground is not available to the defendant.

If the defense appears upon the face of the complaint it may be set up either by answer or demurrer.

If the contract, although a verbal one, as averred in the complaint, does not fall within the provisions of the statute, it is not necessary for the defendant to plead the statute as an affirmative defense in order to entitle him to avail himself of that objection upon the trial; it is sufficient if, upon the trial, he raises the question at the earliest possible moment.

Where a complaint avers a contract which is not within the provisions of the Statute of Frauds and on the trial the plaintiff seeks to establish a contract which is within the Statute of Frauds, there is a variance, which, under section 541 of the Code of Civil Procedure, will defeat a recovery upon the contract.

Where, while an oral contract for the rendition of services for a definite time is in force, a subsequent written contract is made without further consideration, by the terms of which the employee may be discharged at the end of any week, the written contract is not enforcible by the employer.

APPEAL by the defendant, Waldemar Caspary, doing business under the name of Benjamin & Caspary, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 30th day of March, 1903, upon the verdict of a jury, and also from an order entered in said clerk's office on the 27th day of March, 1903, denying the defendant's motion for a new trial made upon the minutes.

*Henry Hirschberg,* for the appellant.

*J. M. Birnbaum,* for the respondent.

HATCH, J.:

The complaint avers that the plaintiff and defendant entered into a contract on or about the 5th day of January, 1900, wherein the defendant agreed to employ the plaintiff to work for him until the 1st day of January, 1901; that the plaintiff entered upon the employment under the contract, and continued to work thereunder until the 5th day of May, 1900, when he was discharged without cause. He asks to recover damages in the sum of $500. The answer avers that the plaintiff entered into defendant's employ under a written contract, which expressly provided that he was to be employed from week to week only and was liable to be discharged at the close of any week. Upon the trial the plaintiff testified that on the 30th day of December, 1900, he entered into a verbal contract to work for the defendant at the rate of $18 per week from the 8th day of January, 1901, to the first of the following July, and from July to January following, at the rate of $20 per week; that after he had commenced to work for the defendant the latter requested him to sign his name to a paper and that he signed his name thereto. The paper which he signed was the written contract above referred to, which expressly stated that the plaintiff was employed from week to week and liable to be discharged at the close of any week. The plaintiff further testified that he could neither read nor write, except to write his own name, and that he did not know the contents of the paper which he signed. The defendant testified that he never made any oral agreement for hiring the plaintiff, and that the written agreement of employment was the only one ever entered into between the parties. Upon this

state of the evidence the case was submitted to the jury, the court charging them that if they believed the plaintiff's statement, that the oral agreement of employment was made, that it did not make any difference whether the subsequent written agreement was entered into with full knowledge upon the part of the plaintiff or not, as it was without consideration. The jury found a verdict of $376 in favor of the plaintiff. The amount thereof is not questioned, but the defendant now contends that the judgment and order appealed from should be reversed on the ground that the oral agreement upon which the plaintiff has recovered is void under the Statute of Frauds, because it was not to be performed within one year under the terms thereof. (See Laws of 1897, chap. 417, § 21, subd. 1.)

By the terms of the oral contract it was not to be performed within one year from the making thereof; consequently, it was void under the Statute of Frauds. (*Billington* v. *Cahill,* 51 Hun, 132; *Wahl* v. *Barnum,* 116 N. Y. 87.) When it appeared from the testimony of the plaintiff that the contract upon which he sought to recover infringed the provisions of the Statute of Frauds, the defendant's counsel immediately objected upon that ground and moved to strike out all of the testimony which had been given upon that subject upon the ground that the testimony established, if anything, an agreement void by the Statute of Frauds, and, therefore, unenforcible.

The court overruled the objection, to which an exception was taken. At the close of plaintiff's case the defendant moved to dismiss the complaint upon the ground, among others, that the contract proven by the plaintiff was not the contract sued upon as averred in the complaint. The motion was denied and the defendant excepted. This motion was renewed at the close of the case and denied by the court, and the plaintiff excepted. The question, therefore, was clearly raised at the earliest moment and was insisted upon throughout the trial. It is evident that the motion should have been granted, unless other matters intervened to prevent such a result. It is the contention of the plaintiff that this objection is not good, for the reason that the Statute of Frauds is an affirmative defense, and in order to be available must be presented by demurrer or answer. This question is no longer an open one, to be argued upon principle, as it has become conclusively settled by authority. The result of the adjudicated cases seems to be that

420     FANGER *v.* CASPARY.

FIRST DEPARTMENT, NOVEMBER TERM, 1903.   [Vol. 87.

where a contract is sued upon, which, by the averments of the complaint, may fall within the provisions of the Statute of Frauds, the defense of the statute must be pleaded in order to be available to defeat a recovery upon the contract, even though it fall within the statute. If the defect appear upon the face of the complaint, the statute may be availed of either by answer or demurrer. (*Crane* v. *Powell*, 139 N. Y. 379; *Matthews* v. *Matthews*, 154 id. 288.) Where the complaint avers a contract which may fall within the Statute of Frauds, and the contract as proven does come within its terms, an objection to the proof is not available to defeat a recovery thereon in the absence of an affirmative plea. (*Honsinger* v. *Mulford*, 90 Hun, 589; affd. on appeal, 157 N. Y. 674.) Up to this time, however, none of the reported cases have gone so far as to hold that where a complaint states a cause of action upon a verbal contract, which, by its terms as averred, does not fall within the provisions of the statute, that it is necessary to plead the Statute of Frauds as an affirmative defense thereto in order to make the objection taken upon the trial available to defeat a recovery upon a contract which the proof shows falls within the terms of the statute. Such a case is the one we are now considering. It is evident that in answer to such a complaint the statute is not required to be pleaded as a defense, because a recovery is sought upon a contract which in nowise offends against its provisions. In such case, objection to proof which tends to establish the invalid contract is good, for the reason that a recovery is sought, not upon the cause of action as averred in the complaint, but upon another and entirely different contract. Such departure from the cause of action is not a variance between the pleading and the proof; it constitutes a complete failure of proof to establish the cause of action averred in the complaint. The plea in such case is upon a good and valid contract. The proof is of one void by the terms of the statute. A case, therefore, cannot be imagined of an utter failure of proof stronger than such a condition presents. The right of recovery in such case is denied by statute (Code Civ. Proc. § 541) and is sustained by authority. (*Southwick* v. *First Nat'l. Bank of Memphis*, 84 N. Y. 420; *People* v. *Dennison*, Id. 272; *Bradt* v. *Krank*, 164 id. 515.) It is evident, therefore, that the plea of the Statute of Frauds in the present case was not necessary in order to defeat a recovery upon the con-

tract sought to be established by the proof. The charge of the court that the written contract would not be available to defeat the oral contract, if it had been established as averred, for lack of consideration, is supported by authority. (*Purdy* v. *R., W. & O. R. R. Co.*, 52 Hun, 267; affd., 125 N. Y. 209; *Rey* v. *Equitable Life Assurance Society*, 16 App. Div. 194; *Simpson* v. *New York Rubber Co.*, 80 Hun, 415.)

It follows from these views that the judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

VAN BRUNT, P. J., PATTERSON, INGRAHAM and LAUGHLIN, JJ., concurred.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.