BENNETT v. MAHLER et al.

(Supreme Court, Appellate Division, First Department. January 8, 1904.)

1. STATUTE OF FRAUDS—AGREEMENT TO BE PERFORMED WITHIN A YEAR.
　　Where a complaint averred that a contract was entered into on or about January 1, 1902, for services to be rendered during the ensuing calendar year, plaintiff might prove and recover thereon for a contract entered into on December 31, 1901, for employment during the ensuing year, in the absence of a plea of the statute of frauds; since, where a complaint avers a contract which may fall within the statute, the plea is necessary.

2. SAME—RENEWAL OF CONTRACT.
　　In an action by an employé on a contract for services for the calendar year of 1902 the evidence showed that the first contract was made in 1896, that a new contract for a year's service was made on January 1st following, and that such contract was thereafter renewed by continuance of service down to January 1, 1902. A few weeks prior to the last date defendants attempted to discharge plaintiff, who refused to leave, and she was then informed that she could stay until January 1st. On December 30, 1901, one of the defendants informed plaintiff that she could take a vacation, and then come back for the ensuing year; and during the second week in January, 1902, plaintiff informed another defendant that she was going to remain, at which he expressed satisfaction. Held, that the contract was renewed by the continuance in service, and not by

---

¶ 1. See Frauds, Statute of, vol. 23, Cent. Dig. § 364.

the conversations, and it was not, therefore, within the statute of frauds, as one not to be performed within a year.

**8.** SAME—TRIAL.

Plaintiff declared on a contract for services for the calendar year of 1902, made on or about January 1, 1902, and gave evidence tending to show a contract entered into after January 1st, and therefore, not within the statute of frauds, though there was also some evidence of a contract entered into prior to January. The court erroneously granted a motion to strike the evidence of the contract made after January 1st as not conforming to the allegations of the complaint, whereupon plaintiff amended, setting out the contract as made on December 30, 1901, and judgment of dismissal was entered. *Held*, on appeal, that, as plaintiff's amendment was induced by the error of the court, she was entitled to a reversal, with leave to apply for amendment by restoring the original cause of action averred.

Van Brunt, P. J., dissenting.

Appeal from Trial Term, New York County.

Action by Ella M. Bennett against Jacob Mahler and others. From a judgment dismissing the complaint, and from an order denying a new trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Isaac F. Russell, for appellant.
John Frankenheimer, for respondents.

HATCH, J. This action is brought to recover damages for a claimed unwarranted discharge of the plaintiff from her employment by the defendants. It was averred in the complaint that the defendants are copartners, engaged in the dry goods business in the city of New York; that on or about the 1st day of January, 1902, at the defendants' place of business, the parties entered into an agreement wherein the plaintiff agreed to work for the defendants for and during the calendar year 1902, and in consideration of such services defendants agreed to pay therefor the sum of $16 per week and a certain percentage upon sales; that the plaintiff entered upon her employment under the agreement, and continued in performance of the terms thereof upon her part until on or about the 14th day of June, 1902, when the defendants wrongfully discharged the plaintiff, in violation of the terms of the agreement, and have since refused to allow her to perform her contract, which she was then and since has been ready and willing to perform. In answer to the complaint the defendants deny the contract averred therein, or that she entered into any employment thereunder, or that she was wrongfully discharged, and, further answering, aver that, while she was in the employ of the defendants, she was discharged from such employ on June 14, 1902, for good and sufficient reasons 'stated therein. These were the issues framed when the parties came to trial. Plaintiff was called as a witness, and testified that she was first employed by the defendants about the middle of September, 1896; that upon the 1st day of January following her employment was continued upon the same terms for the ensuing calendar year, and that she continued thereafter to work from year to year under a renewal of the contract until about the middle of December, 1901, on which date differences arose be-

tween plaintiff and Jacob Mahler, one of the defendants, as a result of which he discharged her. The plaintiff refused to leave at that time, and was then informed that she could stay until the 1st day of January. Thereafter she continued to work as before until the 30th day of December, when Jacob Mahler directed her to go to a given place and obtain some goods. The following conversation then ensued. Plaintiff said: "Mr. Mahler, I am leaving here the first of January." Mr. Mahler replied: "That is off. You can go down town and get these goods, and come back, and take a few days' vacation, and then come back for the ensuing year." The plaintiff continued in the employ, and nothing further transpired until the second week in January, when S. Mahler, another member of the firm, told her that he expected she was going to leave, and plaintiff said, "I am going to stay," and he said, "That is all right; I am glad you are staying." After some further testimony had been given by the plaintiff, not germane to the present question, counsel for the defendants moved to strike out the testimony given by the plaintiff as to the employment in December, 1902, as being at variance with the complaint, claiming that the evidence tended to establish a contract void by the statute of frauds; that the defendants had been misled by the averment of the complaint, which alleged a cause of action not within the statute of frauds, and therefore the defendants were not called upon to plead the same. No objection had been interposed to the testimony which had been given by the plaintiff, and the first time any question was raised concerning it was when the motion to strike out was made. Then ensued between the court and counsel a colloquy respecting the interposition of the plea, in which counsel for the plaintiff stated that he was surprised at the defense of the statute of frauds. While the court intimated that it would permit an amendment of the answer averring as a defense to the contract sued upon the statute of frauds, yet no amendment was made at that time, and plaintiff was permitted to continue the examination of the plaintiff in the then state of the pleadings. The evidence, as developed from the subsequent examination, was in substance as has been already given, and again ensued a discussion between the court and counsel as to the character of the pleadings and the effect of the testimony as establishing a contract which in fact fell within the statute of frauds. At the conclusion of the discussion the court granted the motion to strike out the testimony of the plaintiff in regard to the alleged contract of hiring made on the 31st day of December, 1901, for the calendar year 1902, upon the ground that it did not conform to the allegations of the complaint. To this ruling plaintiff excepted.

The ruling was erroneous, and the exception taken thereto must be sustained. The complaint itself was perfectly good as a pleading, as it averred that a contract was entered into on or about the 1st day of January, 1902, for services to be rendered during the ensuing calendar year. Under this pleading the plaintiff might prove and recover thereon for a contract entered into on the 31st day of December, 1901, for employment during the ensuing year, and recover thereon in the absence of a plea of the statute of frauds as a defense thereto. In Fanger v. Caspary, 84 N. Y. Supp. 412, this court said:

"Where the complaint avers a contract which may fall within the statute of frauds, and the contract as proven came within its terms, an objection to the proof is not available to defeat a recovery thereon in the absence of an affirmative plea" of the statute of frauds; and cited in support of such ruling Honsinger v. Mulford, 90 Hun, 589, 35 N. Y. Supp. 986, affirmed on appeal 157 N. Y. 674, 51 N. E. 1091. These cases directly support such ruling, and are precisely applicable to the case at bar. The complaint in the present case gave the defendants notice that the contract relied upon was made on or about the 1st day of January. Proof of the conversation was on the 30th day of December, and this time was within the averments of the complaint. Of such facts the defendants were bound to take notice, and, if they desired to raise the statute of frauds as a defense to the contract thus averred, they were required to plead it. Consequently, not pleading it, they were bound by such contract, even though it fell within the statute. It follows, as a necessary result, that when the defendants made their application for leave to amend their pleading upon the ground that the contract proved was a variance from that which was averred, no basis existed therefor, and, as it injected a new and distinct issue into the trial, it was not proper to allow it, and the plaintiff's claim of surprise was a sufficient answer thereto.

In addition to this, it is clear that the contract, as proved, did not, by its terms, fall within the statute, and it was therefore error for the court to strike out the testimony. The evidence disclosed that the first contract of employment was made in September, 1896; that a new contract for a year's service was made on the 1st day of January following, and that such contract was thereafter continued by the continuance of service down to the 1st day of January, 1902. The continuance of service operated in law as a new hiring for the period of a year, as the contract proved in its inception was a contract for a year's service, and the continuance of service was a renewal of such contract for the same period of time. Douglass v. M. Ins. Co., 118 N. Y. 484, 23 N. E. 806, 7 L. R. A. 822; Martin v. N. Y. Life Ins. Co., 148 N. Y. 117, 42 N. E. 416. The subsequent conversation had with one of the members of the firm with respect to her rendering services for another year was not the making of a new contract. Nothing whatever was then said as to the terms of her employment, what compensation she was to receive or how it was to be paid; nor did the plaintiff, from anything which appears, assent to new arrangements made at that time. Her statement was that, in view of the difference which had existed, her term of service would end on the 1st day of January, and defendants' declaration in reply was "that is off," and that she could take a vacation of a week, and then come back. The effect of this transaction was to indicate upon the part of the defendants a desire that their present and future relations should not be interrupted, but there was no discussion of any terms of employment, and no contract was then made. The terms of the employment were as if nothing had been said and the plaintiff had continued in her employment. The only contract which the plaintiff can enforce is the contract created by operation of law, resulting from the continuance of the employment. That did not com-

mence until the former ended, and the old one ceased and the new began on the 1st day of January of the ensuing year; consequently the contract as proved upon the trial did not fall within the terms of the statute, and, if the jury believed the testimony which had been given of the contract, and that the defendants were guilty of a wrongful breach of it, plaintiff was entitled to recover, whether the statute of frauds was pleaded or not; so that in no view of the case can this ruling of the court be supported.

Nor can the defendants avoid this result by the amendment of the complaint setting out the contract as made on the 30th day of December. The plaintiff had given evidence which, if believed by the jury, established a perfect cause of action. The court, by its ruling, to which an exception was duly taken, drove the plaintiff to take other steps to extricate herself from the difficulty which the court and defendants had created for her. Counsel did that which he was best advised to do at the time, even though it was the worst thing for his client that he could do, and thereupon a condition was created which required the court, as matter of law, to dismiss the complaint; but this arose out of the fundamental error which had been previously committed, and the final disposition which was made of the case amounts for all practical purposes to a mistrial.

It follows from these views that the judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event, and with leave to plaintiff to apply to the court for the amendment of her pleading by restoring the original cause of action as averred in the complaint before amendment. All concur, except VAN BRUNT, P. J., who dissents.