## CLOSSON v. THOMPSON PULP & PAPER CO.

(Supreme Court, Appellate Division, Third Department. March 13, 1906.)

1. FRAUDS, STATUTE OF—PLEADING—RIGHT TO PLEAD STATUTE AS DEFENSE.

A complaint alleged that an oral contract of employment was made on or about a specified date for a year's services from that date. Plaintiff testified to a contract made on the date specified for a year's services. On cross-examination he admitted that the year began at a later date. *Held*, that defendant was entitled to avail himself of the defense that the contract was void under the statute of frauds, though not pleaded.

[Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Frauds, Statute of, §§ 364–366.]

2. TRIAL—ISSUES—EVIDENCE—SUBMISSION TO JURY.

Where, in an action for breach of an oral contract of employment, plaintiff testified on direct examination that the contract was made on April 25th for a year's employment from that date, and on cross-examination stated that the year of service began May 1st, after the making of the

contract therefor, the question whether the contract began April 25th,
and was therefore valid, or May 1st, and void under the statute of frauds,
was for the jury.

[Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Frauds, Statute
of, § 378.]

Cochrane, J., dissenting.

Appeal from Special Term.

Action by Charles S. Closson against the Thompson Pulp & Paper
Company. From an order setting aside a verdict for plaintiff and grant-
ing a new trial, he appeals. Affirmed.

This is an appeal by the defendant from an order made upon the minutes
of the justice presiding at the trial, setting aside a verdict in favor of the
plaintiff and granting a new trial. The complaint alleged a contract made
on or about April 25, 1900, employing the plaintiff for a year from that date
at $100 per month, and the defendant's breach. The answer admitted serv-
ices performed, alleged full payment therefor, and denied the contract and its
breach. The plaintiff, on direct examination, swore to a contract made April
25th for a year from that date; the services beginning that day. On cross-
examination he swore the year began May 1st, and that he was employed for
a year from May 1st. Defendant, by motion for a nonsuit at the close of
the plaintiff's case, raised the question that the contract, being for a year from
May 1st, was by its terms not to be performed within a year, and was there-
fore void by the statute of frauds. The motion was denied, and the defend-
ant excepted. Defendant asked to amend his answer, pleading the statute,
and made a statement as to his good faith and his surprise, which was ac-
cepted by the court as true. The plaintiff objected to the amendment as
too late; the defendant having gone to trial on a denial only. The motion
was denied, and the defendant excepted. After verdict, a motion for a new
trial on the minutes was granted; the order reciting that the complaint should
have been dismissed and the contract proven not having been pleaded and
being a contract within the statute of frauds.

Argued before PARKER, P. J., and SMITH, CHESTER, KEL-
LOGG, and COCHRANE, JJ.

Rockwood & Salisbury (Nash Rockwood, of counsel), for appellant.
John L. Henning, for respondent.

JOHN M. KELLOGG, J. The complaint alleged a contract which
was to be performed within a year. While it alleges that it was made
on or about April 25th, it alleges the contract as for a year from that
date. It left the precise day when the contract was made somewhat un-
certain, but alleged a contract for a year's service from that day, when it
was ascertained. Therefore, within Fanger v. Caspary, 87 App. Div.
417, 84 N. Y. Supp. 410, and Booker v. Heffner, 95 App. Div. 84, 88
N. Y. Supp. 499, the defendant was not in default in failing to plead
the statute, but could avail himself of that defense when the proof
showed a different contract than the one alleged or fairly foreshadowed,
and when that difference brought the contract within the statute. Ben-
nett v. Mahler, 90 App. Div. 22, 85 N. Y. Supp. 669, does not change
the rule in the Fanger Case, or control this case. There the contract
was alleged as made on or about January 1, 1901, for the year 1901.
The proof showed the contract made December 30th, which was strict-
ly within the allegation. The court held that the complaint indicated
a contract which might be within the statute, and that the defendant
should have pleaded that defense, and suggested an amendment to the

answer; but the defendant elected to rest upon the position that the contract proved was not within the pleading, and he failed.

Here the contract was made April 25th, as alleged, for a year, but it is not clear when the year was to begin. If the year began April 25th, the contract was valid; if May 1st, it was void. The order setting aside the verdict recites that the contract proven was not pleaded and was void within the statute of frauds, and that the complaint should have been dismissed for that reason. A dismissal of the complaint would not have been proper. There was a question of fact for the jury to determine, to wit, whether the contract was to begin April 25th or May 1st. The plaintiff's testimony was ambiguous, and it was for the jury and not for the court to determine its true meaning. But it is evident, from the record and the statements in the order, that the trial judge felt that the rulings of the court, the denial of the motion to amend, and the charge to the jury, had caused a mistrial and prevented the defendant from availing itself of a defense which it tried to urge, and which the court upon consideration deemed controlling. It was therefore proper to set aside the verdict and grant a new trial. The result is sustained, but not for the reasons stated in the order.

The order should be affirmed, with costs to abide the event. All concur, except COCHRANE, J., who dissents.