BIERMAN v. SIMON.

(Supreme Court, Appellate Term. May 15, 1908.)

1. FRAUDS, STATUTE OF—ORAL CONTRACT NOT PERFORMABLE WITHIN A YEAR.

> Evidence *held* to show that an oral contract for a year's employment was fully made between the parties before the employment was begun, and hence was void under the statute of frauds, because not to be performed within one year from the making thereof.

2. SAME—NECESSITY FOR PLEADING AS DEFENSE.

In an action on an oral contract of employment, where the proof showed a different contract from the one alleged or fairly foreshadowed, and that difference brought the contract within the statute of frauds, defendant might avail of the statute as a defense without pleading it.

Appeal from City Court of New York, Special Term.

Action by Hyman Bierman against Reuben Simon. From an order granting plaintiff a new trial, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Hastings & Gleason (A. K. Gleason, of counsel), for appellant.
Rudolph L. Cherurg, for respondent.

GIEGERICH, J. The action is brought to recover damages for the wrongful discharge of the plaintiff, who claims a contract with the defendant for a year's employment. Upon the trial the plaintiff testified to a conversation with the defendant's wife and sister-in-law on the 5th day of December, 1905, at which interview the terms of the proposed employment for a period of a year were gone over. The next day, which would be December 6th, the plaintiff went to see the defendant, saying that he had come to ask him (the defendant) if he was satisfied with the terms discussed between the plaintiff and the defendant's wife, to which, according to the plaintiff's testimony, the defendant replied, "Yes, I am willing to give you $30 a week, and as to the 5 per cent. you are asking I cannot afford to pay more than 1½ per cent. and a year's contract," to which proposal the plaintiff agreed; but whether such acquiescence on his part took place at the interview on December 6th, or a subsequent interview held on Thursday, when he began work, which was either the 10th or 11th of December, is not clear from the evidence at that point. Later, however, on his cross-examination, the plaintiff gave the following fatal testimony:

"When I had my conversation with Simon, the day after Mrs. Simon saw me, he agreed to employ me for a year. That was from the time I went to work, and in my complaint it was on or about the 13th of December, and four or five days prior to that Mr. Simon told me that he would employ me at $30 a week, to commence the day after I entered his employment, and on the day I went there the only conversation I had with him was that I wanted a written contract, and he said that his word was as good as a written contract."

This testimony leaves no escape from the conclusion that the contract was fully made between the parties before the plaintiff began his year's employment, and the only conversation which took place on the day he began work was his request for a written agreement and the defendant's reply thereto. The testimony just quoted was not given by the plaintiff through inadvertence, nor did the point as to just when the contract was made and what was said at the various interviews receive insufficient attention upon the trial. It must be taken as the plaintiff's deliberate and conclusive evidence against himself. It thus appearing that by the terms of the oral contract in suit it was not to be performed within one year from the making thereof, the same was void under the statute of frauds (Fanger v. Caspary, 87 App. Div. 417, 84 N. Y.

Supp. 410, and cases there cited); and since the proof showed a different contract from the one alleged or fairly foreshadowed, and that difference brought the case within the statute, the defendant could avail himself of the statute, without pleading it (Fanger v. Caspary, supra; Closson v. Thompson Pulp & Paper Co., 112 App. Div. 273, 97 N. Y. Supp. 1113).

The order appealed from should therefore be reversed, with $10 costs and disbursements. All concur.