### SHEINGOLD v. BAER.

(Supreme Court, Appellate Division, Second Department. June 2, 1911.)

1. FRAUDS, STATUTE OF (§ 52*)—AGREEMENT NOT TO BE PERFORMED WITHIN A YEAR.

Plaintiff's evidence that on a certain day defendant employed him for the term of a year, even in connection with evidence that he did not go to work till the next day, does not show that the agreement was within the statute of frauds, as not to terminate in a year.

[Ed. Note.—For other cases, see Frauds, Statute of, Dec. Dig. § 52.*]

2. FRAUDS, STATUTE OF (§ 159*)—QUESTION FOR JURY—AMBIGUOUS EVIDENCE.

Even if the evidence in an action for breach of a contract of employment for a year is ambiguous as to whether the term of employment commenced on the day the contract was made, or later, and therefore as to whether or not it was within the statute of frauds, it is for the jury to determine when it began and terminated.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 378; Dec. Dig. § 159.*]

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Sam Sheingold against Alfred Baer. From an order setting aside a verdict for plaintiff, he appeals. Reversed, and verdict and judgment reinstated.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Stone & Chugerman, for appellant.

Edwin Otterbourg (Charles A. Houston, on the brief), for respondent.

---

PER CURIAM. The verified complaint alleged that on or about the 14th day of May, 1910, plaintiff and defendant entered into an agreement—

"whereby the defendant employed the plaintiff as foreman or assistant in the defendant's factory for a term of one year from said day at the agreed salary or compensation of $18 per week for the first three weeks of said term, and for the balance of said term the sum of $22 per week. * * * On or about the 23d day of May, 1910, the defendant wrongfully and arbitrarily discharged the plaintiff," etc.

The defendant put in a general denial of the contract, and set up as a separate defense that the contract was for an employment at $3 per day, terminable at pleasure, and a second separate defense not necessary to be stated.

Upon the trial, upon cross-examination of the plaintiff, it appeared that the agreement was made on Monday, May 16, 1910, and that upon that day all of the terms thereof were settled, one of which was that the duration of the contract should be one year. The defendant moved to amend his answer by setting up the statute of frauds, and subsequently moved the court to dismiss the complaint on the ground that the contract was void under the statute of frauds. These motions were denied, and the jury brought in a verdict for $500 in favor of the plaintiff, whereupon the defendant moved for a new trial upon the ground that he should have been permitted to amend his answer, and that the verdict was contrary to law, on the like ground. This motion was granted, and the plaintiff appeals from the order.

The plaintiff sustained the burden of proof, and by a fair preponderance of the evidence established the agreement set forth in the complaint, and the trial judge was not justified in setting aside the verdict upon that ground.

[1] Neither was he justified upon the ground specified in his memorandum, namely, that the amendment should have been allowed; and this, for the reason that upon plaintiff's evidence in the case the contract was not one which by its terms could not be performed within one year from the making thereof. Laws of 1909, c. 45 (Consol. Laws 1909, c. 41) § 31. It is true that plaintiff did not actually begin work until the following day; but there is no evidence from which the jury could find that the agreement did not terminate on the 16th day of May, 1911. In such case the agreement need not be in writing. Schmerenbeck v. Funke, 17 N. Y. Supp. 717.[1]

[2] We think there was no ambiguity upon this point; but, if so, it was for the jury to determine when the contract of employment began and when it terminated. Closson v. Thompson Pulp & Paper Co., 112 App. Div. 273, 97 N. Y. Supp. 1113. Defendant was not deprived of any right by the refusal of the court to permit the amendment, and it was error to set aside the verdict and grant a new trial.

The order appealed from should be reversed, with costs, and the verdict of the jury and the judgment entered thereon should be reinstated.

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 63 Hun, 627.