KELLEY v. T. L. SMITH CO.

(Supreme Court, Appellate Division, First Department. May 3, 1912.)

FRAUDS, STATUTE OF (§ 152*)—NECESSITY OF PLEADING.

In an action for a breach of a contract of employment for one year, the defendant set up the statute of frauds of a foreign state, but did not plead the statute of the forum. The petition did not on its face show that the contract was invalid because not in writing, or that it was not to be performed for more than a year, and was invalid, though oral. *Held*, that defendant's failure to plead the statute of frauds precluded its reliance on that defense; the failure being a waiver of the bar of the statute, which does not invalidate contracts, but merely renders them unenforceable.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 363–366, 371, 372; Dec. Dig. § 152.*]

---

Appeal from Trial Term, New York County.

Action by Edward B. Kelley against the T. L. Smith Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Kellogg & Rose, of New York City (L. Laflin Kellogg, of New York City, of counsel, and William K. Hartpence, of New York City, on the brief), for appellant.

Hastings & Gleason, of New York City (Albert H. Gleason, of New York City, of counsel), for respondent.

CLARKE, J. This action was for breach of contract of employment. The complaint alleged:

"That heretofore, and on or about the 1st day of March, 1908, this plaintiff was employed by the defendant to render services to the defendant in the sale of concrete mixers and other machinery manufactured by the defendant for the term of one year from March 1, 1908, for which services the defendant promised and agreed to pay four thousand dollars ($4,000), and also to reimburse the plaintiff for all necessary disbursements and expenses incurred by him in said business"

—and alleged an unlawful discharge on September 4, 1908. The answer set up several defenses, including the statute of frauds of the state of Illinois, but not that of the state of New York. It was conceded in the record that the contract was verbal, was made on the 11th day of February, 1908, and was to be performed in New York. It was conceded upon the argument, therefore, that, if any statute of frauds applied, it was that of the state of New York. At the close of the plaintiff's case, the complaint was dismissed.

In Crane v. Powell, 139 N. Y. 379, 34 N. E. 911, the Court of Appeals held that the statute of frauds was a shield, which a party may use, or not, for his protection, and said:

"The statute may be used as a defense to actions on certain agreements. A defense must now be presented, either by demurrer or answer. Code, § 487 When the defect in the plaintiff's cause of action appears on the face of the complaint, the defense must be interposed by demurrer. Section 488. When the complaint does not, as in this case, disclose an invalid agreement upon its face, but it is in fact invalid for some reason, the defendant must take the objection by answer (section 498), and if objection is not taken in either way, the defendant is deemed to have waived it (section 499). The conclusion is thus reached that the defendant waived the benefit of the statute in this case by omitting to plead it."

In Matthews v. Matthews, 154 N. Y. 288, 48 N. E. 531, the complaint did not show whether the alleged contract was oral or written. The answer contained a general denial, but did not set up the statute of frauds. Andrews, C. J., referring to Crane v. Powell, said:

"The question was distinctly decided in that case, and it was held that the statute was a defense, and, unless pleaded, was not available to the defendant to defeat the action. The case must be regarded as settling the law of this state upon a question upon which courts of different jurisdictions have differed in opinion. This court regarded the rule adopted in Crane v. Powell as sound in principle and supported by the rule applied in analogous cases.

It is plain, upon the view that the statute of frauds does not make an oral contract within its terms illegal, but only voidable at the election of the party sought to be charged, that such election must be manifested in some affirmative way.   *   *   *   The mere denial in the answer in the present case of the contract alleged in the complaint did not, therefore, raise any question under the statute of frauds, and it could not be raised by objection, on the trial, to the proof of the oral contract, for the very conclusive reason that the statute must be pleaded before the validity of the contract on that ground can be assailed."

In Bennett v. Mahler, 90 App. Div. 22, 85 N. Y. Supp. 669, the complaint alleged that on or about the 1st day of January, 1902, the parties entered into an agreement wherein plaintiff agreed to work for defendants for and during the calendar year 1902. This court said:

"Under this pleading the plaintiff might prove and recover thereon for a contract entered into on the 30th day of December, 1901, for an employment during the ensuing year, and recover thereon, in the absence of a plea of the statute of frauds as a defense thereto.   *   *   *   The complaint   *   *   *   gave the defendants notice that the contract relied upon was made on or about the 1st day of January, 1902. Proof of the conversation was on the 30th of December, 1901, and this time was within the averments of the complaint. Of these facts the defendants were bound to take notice, and, if they desired to raise the statute of frauds as a defense to the contract thus averred, they were required to plead it. Consequently, not pleading it, they were bound by such contract, even though it fell within the statute."

In the case at bar the complaint did not show upon its face an invalid contract, because it was not alleged that it was not in writing, and it did allege that it was made on or about the 1st of March, to begin on the 1st of March, and to continue for one year thereafter. Under those allegations it was possible that the contract might be invalid, and the defendant had such information or knowledge in regard thereto that it undertook specifically to plead the Illinois statute; but it did not prove said statute upon the trial, and, upon the conceded facts, it was inapplicable. Therefore, not having set up the New York statute of frauds, and the plaintiff having made out a prima facie case, the dismissal of the complaint was error.

The judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.