### EPSTEIN v. HILLER et al.

(Supreme Court, Appellate Term, First Department. March 5, 1914.)

1. FRAUDS, STATUTE OF (§ 159*)—QUESTION FOR JURY.

Where, in an action for breach of an oral contract of employment, plaintiff in his testimony made two contradictory statements as to dates, one of which would bring the contract within the statute of frauds, the court should have submitted the case to the jury.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 378; Dec. Dig. § 159.*]

2. TRIAL (§ 165*)—MOTION TO DISMISS.

Where, in an action for breach of an oral contract of employment, plaintiff in his testimony made two contradictory statements as to dates, the court on motion to dismiss should have adopted the theory most favorable to plaintiff.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 373, 374; Dec. Dig. § 165.*]

Appeal from City Court of New York, Trial Term.

Action by Joseph Epstein against Morris Hiller and others. From a judgment for defendants, plaintiff appeals. Reversed, and new trial ordered.

Argued February term, 1914, before SEABURY, GUY, and DELANY, JJ.

Joseph Gans, of New York City, for appellant.
Samuel Fine, of New York City, for respondents.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SEABURY, J. [1, 2] Plaintiff sued for damages for a breach of a contract of employment alleged to be for a period of one year. The answer was amended so as to permit the defendant to plead the statute of frauds. The complaint alleged that the contract of employment was entered into "on or about the 26th day of June, 1913." Upon the trial the plaintiff testified that the contract was made on June 25th and that he entered immediately upon his employment. Subsequently, upon cross-examination and upon examination by the court, he testified that the contract was made on June 25th and that his employment was to commence on June 26th. The court below accepted this latter view as the plaintiff's version of the matter and dismissed the complaint on the ground that the contract proved was within the statute of frauds. As the plaintiff made two contradictory statements as to the date when the employment was to commence, there was no more reason for accepting the version adverse to the plaintiff than there was for adopting the version favorable to the plaintiff. Moreover, the rule, which requires that upon a motion to dismiss the complaint the plaintiff is entitled to have the court adopt the view most favorable to the plaintiff, should have led to a denial of the motion to dismiss the complaint. Any ambiguity which existed in the plaintiff's testimony should have been left to the jury for their determination.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.