## CROWN v. LITVAK.

(Supreme Court, Appellate Term, First Department. May 22, 1916.)

1. FRAUDS, STATUTE OF ⊜⇒53—CONTRACT NOT TO BE PERFORMED WITHIN A YEAR—QUESTION FOR JURY.

The fact that, under an oral agreement whereby defendant engaged plaintiff for a year from the day of their conversation, plaintiff did not begin to work until the following day, did not bring the contract within the statute of frauds.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 69, 80, 92; Dec. Dig. ⊜⇒53.]

2. EVIDENCE ⊜⇒471(22)—FACT OR CONCLUSION.

In an action to recover damages for a wrongful discharge from defendant's employment, plaintiff's testimony, in reply to leading questions on cross-examination, that his year was to begin on the day following his conversation with defendant, was his conclusion.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2166; Dec. Dig. ⊜⇒471(22); Witnesses, Cent. Dig. § 833.]

3. FRAUDS, STATUTE OF ⊜⇒159—QUESTION FOR JURY.

In an action for damages for a wrongful discharge from defendant's employment, alleged to have been under an oral contract for one year, any ambiguity in plaintiff's testimony as to the contract, and as to whether he began his employment the day it was made or the next day was for the jury.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 378; Dec. Dig. ⊜⇒159.]

Appeal from City Court of New York, Trial Term.

Action by Philip Crown against Jacob Litvak, trading as the American Dress & Costume Company. From a judgment dismissing his complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued May term, 1916, before GUY, BIJUR, and COHALAN, JJ.

Morris Wolf, of New York City (Isador Goetz, of New York City, of counsel), for appellant.

Henry Kuntz, of New York City (Abraham P. Wilkes, of New York City, of counsel), for respondent.

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

GUY, J. Plaintiff sued to recover damages for wrongful discharge. The complaint alleges that on or about January 6, 1914, plaintiff was employed by defendant for one year from January 1, 1914, and that he was discharged without cause May 7, 1914. The plaintiff's testimony on his direct examination was that on the evening of January 5th he called at the place of business of the defendant; that the defendant offered plaintiff a contract; that plaintiff insisted upon getting a written contract; that defendant said, "If I call in a witness, would it be as satisfactory to you as a written contract?" and the plaintiff replied, "If you do, I am satisfied;" that defendant then called his cousin into the showroom as a witness, and the defendant said in the presence of the witness, " 'I engage Mr. Crown [plaintiff] for a year from now on at $40 a week and 5 per cent. on children's dresses, and if children's dresses is discontinued he is entitled to 1 per cent. on the average business we will do.' So I came in and started to work the following morning, January 6th." The cross-examination shows the following:

"Q. Did you tell the jury you were to work for a year? A. Yes, sir; from January 5th. Q. You didn't start until January 6th? A. January 5th we made the contract, and I started on the 6th. Q. You were to work from January 6, 1914? A. Yes, sir. Q. At $40 a week for a year? A. Yes, sir. * * * Q. Your week commenced Tuesday morning? A. Yes, sir. Q. And your year was commencing Tuesday morning? A. Yes, sir. Q. And you were to work for one year from Tuesday, January 6, 1914, until January 6, 1915? A. Yes, sir."

At the close of the plaintiff's case on defendant's motion the court dismissed the complaint upon the ground that, although the statute of frauds was not pleaded to the complaint, which did not disclose a case within the statute, it affirmatively appeared from the plaintiff's evidence that the contract sued on was within the statute. Bierman v. Simon (Sup.) 110 N. Y. Supp. 267; Closson v. Thompson Pulp & Paper Co., 112 App. Div. 273, 97 N. Y. Supp. 1113.

[1, 2] Upon the direct examination the plaintiff stated the conversation between him and the defendant; that defendant said on January 5th, "I engage Mr. Crown for a year from now on." The fact that under such agreement the plaintiff did not begin to work until the following day would not bring the contract within the statute. If there was any ambiguity, it was for the jury to determine when the contract began and when it terminated. Sheingold v. Baer, 145 App. Div. 493, 129 N. Y. Supp. 924. Plaintiff's testimony, given in reply to leading questions by defendant's counsel on cross-examination, that his year was to begin on the following day, January 6th, the day after the conversation, was his conclusion from the conversation constituting the contract had between the parties, as stated by him.

[3] In Epstein v. Hiller (Sup.) 146 N. Y. Supp. 305, the plaintiff testified that his yearly contract was made on June 25th and that he entered immediately upon his employment. Subsequently he testified that the contract was made on June 25th and that his employment was to commence on June 26th, and the trial court dismissed the complaint on the ground that the contract was within the statute. Upon the appeal this court said (page 306):

"As the plaintiff made two contradictory statements as to the date when the employment was to commence, there was no more reason for accepting the version adverse to the plaintiff than there was for adopting the version favorable to the plaintiff. Moreover, the rule, which requires that upon a motion to dismiss the complaint the plaintiff is entitled to have the court adopt the view most favorable to the plaintiff, should have led to a denial of the motion to dismiss the complaint. Any ambiguity which existed in the plaintiff's testimony should have been left to the jury for their determination."

This case comes within the principle laid down in the Epstein Case, and the dismissal of the complaint was error.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.