ANDREW R. DOUGHERTY, Plaintiff, Appellant, *v.* EMPIRE PIECE DYEING AND FINISHING COMPANY, Defendant, Respondent.

Supreme Court, Appellate Term, First Department, May 8, 1924.

**Master and servant — wrongful discharge — oral contract of employment held as matter of law to be within Statute of Frauds.**

In an action upon an oral contract of employment, commencing February 1, 1920, and terminating January 31, 1921, an order, granting defendant's motion made at the close of the trial to dismiss the complaint on the ground that the contract was within the Statute of Frauds, will be affirmed.

WAGNER, J., dissents.

APPEAL by the plaintiff from a judgment of the City Court of the city of New York dismissing the complaint after a trial and from an order denying plaintiff's motion to set aside the dismissal and for a new trial.

*Bondy & Schloss (Eugene L. Bondy* and *Maurice V. Seligson,* of counsel), for the appellant.

*Wurts, Kilburn & Pierce (William H. Wurts,* of counsel), for the respondent.

*Per Curiam.* Judgment affirmed, with costs.

Present: GUY, WAGNER and WASSERVOGEL, JJ.; all concur except WAGNER, J., who dissents with opinion.

WAGNER, J. (dissenting). Plaintiff instituted an action to recover damages for the breach of an alleged oral contract of employment to begin on the 1st of February, 1920, and terminated January 31, 1921, and a further prayer for the recovery of expenditures made by him during the course of his actual employment under an agreement made by the defendant to repay to him such advances. A general denial, plea of justification for the subsequent discharge, and an additional defense of the Statute of Frauds, permitted during the course of the trial, were interposed to the complaint. At the conclusion of the trial a motion to dismiss the complaint, on the ground that the contract alleged was within the Statute of Frauds, was granted by the trial court. Before the decision of the motion, made after the trial, to set aside the dismissal, the trial justice died, and the motion was thereafter denied by the justice sitting in Special Term, to whom the motion was referred.

It appeared that the plaintiff had been a silk merchant and a representative of certain silk mills for a long period of time, and had been engaged in a business on his own account. In January, 1920, he was sent for by the defendant's president, and asked to take charge and management of defendant's mill, the present condition of which was unsatisfactory. During the latter part of January conferences were held between him and one Beggs, the defendant's president, and the terms of the employment were discussed to their mutual satisfaction. The defendant's contention, accepted by the trial court, was that the contract of employment for a year, beginning February first, had been closed in the latter part of January, therefore coming within the provisions of the statute. While it is true that in one part of the plaintiff's testimony, in reply to a question calling for the exact date when the contract between him and the defendant was made, he replied "the last week of January, 1920," the plaintiff, nevertheless, thereafter testified that on January twenty-seventh or twenty-eighth the arrangement was made between him and Beggs, but that Mr. Beggs said that, of course, this would be ratified when some of the members of the company were present; and plaintiff's contention, advanced in opposition

to the motion to dismiss below and reiterated here, is that, allowing to him the most favorable inferences possible, according to the familiar rule upon dismissal, the jury were entitled to find that plaintiff's evidence indicated that the conversations during the latter part of January had not constituted an actual hiring, but were merely preliminary negotiations, the results of which were to be submitted to defendant's directors at their meeting and by them to be approved.   The record discloses such subsequent approval by them.

The state of the testimony, in my mind, required the submission of the question — when the oral contract was made — to the jury. Inferences may be drawn, from the present state of the record, in opposite directions.   Upon that subject the evidence discloses an ambiguity with respect to the terms of the hiring.   Authority then requires that the jury determine when the contract began and when it terminated.   *Sheingold* v. *Baer*, 145 App. Div. 493; *Crown* v. *Litvak*, 159 N. Y. Supp. 34.   The learned court below was undoubtedly influenced in arriving at its decision by the plaintiff's use of the term " ratification," implying, therefore, that of necessity it referred to the subsequent approval of an agreement already entered into in the former month.   As above stated, the evidence of the plaintiff may be construed to the effect that no agreement had theretofore been entered into, that negotiations had been concluded looking forward to a future contract, and that, therefore, there was no act of an agent which could form the basis of a legal ratification. The fact that allusion was made by defendant's officer to the necessity of later consideration by the directors has significance in its bearing upon the claim that the parties, in January, appreciated that no contract was then being made; in other words, that the action taken by the board in February was the making of an original contract.

Attention may be called to what I consider an erroneous view below, as to the separability of that part of the alleged agreement relating to the promise to pay expenditures made by plaintiff in the defendant's behalf.   The view there taken was that the contract was an entirety, and lack of enforcibility thereof, by reason of the Statute of Frauds, applied to it as a whole, relegating the plaintiff to an action for implied assumpsit for the recovery thereof. And the assumption was further made by the learned justice that, even though the contract be construed as a divisible one, a void part invalidated it *in toto*.   This misapprehension was, perhaps, based on the theory laid down in ancient time by Lord Hobart, who regarded the statute as a tyrant, " making all void wherever he came," a correct proposition of law where the contract was entire

and inseparable. However, if the contract in question is divisible that part which is not within the scope of the statute may be, and is, enforced. It is plain that there are no prohibitions in the statute invalidating any agreement to repay advances. The term or nature of the employment is not an indispensable adjunct to the formation of such an arrangement.

The consideration of the promise is the agreement to advance. That could be done irrespective of employment. Obliterating from the contract as a whole the portion relating to the employment, my view is that the promise to repay is not naked, without supporting consideration, and sustenance therefor need not be derived from that part which may, or may not, according to the facts of the case, appear to be void. It is not so important to ascertain, in the question of separability or divisibility of contracts, whether the contract would not have been entered into without insistence on the validity as a whole as it is to ascertain whether by nature separability is apparent.

I disagree with my learned colleagues, and am of the opinion that the judgment and order appealed from should be reversed and a new trial ordered, with costs to appellant to abide the event.