PROKOP J. PROKOP, Respondent, *v.* BEDFORD WAIST & DRESS Co., INC., Appellant.

First Department, May 16, 1919.

**Statute of Frauds — oral contract of employment for one year — computation of period of employment.**

Where, in an action to recover damages for the wrongful discharge of the plaintiff under an oral agreement of employment for a year, it appears that he was employed for a year on Saturday, September twenty-second,

the time within which the contract was to be performed should be reckoned from the day following the day on which it was made, and the period would expire on Sunday, September twenty-second, of the following year, which is " within one year from the making thereof," and, therefore, the Statute of Frauds is not a defense.

In construing subdivision 1 of section 31 of the Personal Property Law, relating to the time within which agreements must be performed under the Statute of Frauds, recourse must be had to the provisions of the General Construction Law under which the day from which any specified period of time is reckoned is to be excluded in making the reckoning, whether time is to be measured by days, weeks, months or years.

APPEAL by the defendant, Bedford Waist & Dress Co., Inc., from an order and determination of the Appellate Term of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 8th day of January, 1919, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Ninth District, entered in the office of the clerk of said court on the 20th day of June, 1918, upon the verdict of a jury.

Defendant also appeals from the judgment of the Municipal Court so affirmed.

*Nathan Friedman,* for the appellant.

*Henry Amster,* for the respondent.

PAGE, J.:

The action was to recover damages for the wrongful discharge of the plaintiff under an oral agreement of employment for a year. The evidence of the plaintiff, which was believed by the jury, was briefly as follows: The plaintiff was employed as a pattern maker on Monday, September 10, 1917, on trial for one week. On the following Saturday, the fifteenth, he was employed for another week on trial. On the morning of the twenty-second the secretary and treasurer of the defendant who had employed the plaintiff during the trial periods, said to him: " I want a man for the whole year, you will have the whole year a job with me; you go ahead." After this conversation the plaintiff continued to work for the defendant until he was discharged on the 27th day of March, 1918. The defendant set up as a defense the Statute of Frauds. Upon the trial the defendant's counsel took exception

to the court's refusal to charge at his request, that if the jury " believe the plaintiff's version that an agreement was made on September 22nd, but that plaintiff was to commence in the performance of that work on the following Monday, that they must find for the defendant under the Statute of Frauds." The Appellate Term, Mr. Justice Bijur writing, in an able and satisfactory opinion, in which he has reviewed the English and American cases applicable, has demonstrated that the trial justice correctly refused this request.   (105 Misc. Rep. 573.) We would be contented to affirm on his opinion if we were not of opinion that there is a further consideration in addition to the case law that is determinative of this case, which has not been discussed by counsel nor considered in the opinion.

When construing section 31, subdivision 1, of the Personal Property Law (Consol. Laws, chap. 41; Laws of 1909, chap. 45) in computing the period of time within which the contract must be performed, recourse must be had to the General Construction Law (Consol. Laws, chap. 22 [Laws of 1909, chap. 27], § 110), section 20 of which prior to the amendment of 1910 read: " Day, computation.   A number of days specified as a period from a certain day within which or after or before which an act is authorized or required to be done means such number of calendar days exclusive of the calendar day from which the reckoning is made.   Sunday or a public holiday, other than a half holiday, must be excluded from the reckoning if it is the last day of any such period, or if it is an intervening day of any such period of two days.   In computing any specified number of days, weeks or months from a specified event, the day upon which the event happens is deemed the day from which the reckoning is made.   The day from which any specified number of days, weeks or months of time is reckoned shall be excluded in making the reckoning."   In construing section 27 of the Statutory Construction Law (Gen. Laws, chap. 1 [Laws of 1892, chap. 677], as amd. by Laws of 1894, chap. 447), which was the predecessor of section 20 of the General Construction Law, the Court of Appeals said: " It specifically declares that ' the day from which any specified number of days, weeks or months is reckoned shall be excluded in making the reckoning.'   The statute makes no provision for computing periods of years.   It is urged for the appellant that we may supply by

implication the rule which is specifically provided for the computation of days, weeks and months. Upon this assumption it is said that as a year is composed of twelve months, the designation of 'months' among the periods which are within the rule is equivalent to including 'years' as well. The difficulty with this argument lies in its hostility to a fundamental principle of statutory construction. *Expressio unius est exclusio alterius* applies to a case like this. * * * As has been observed, the law under consideration contains no other reference to the method of computing time than that above referred to. Had the Legislature intended to apply that method to periods of years it could have disposed of the whole subject in a single sentence by saying that the day from which any specified period of time is to be reckoned shall be excluded from the reckoning." (*Aultman & Taylor Co.* v. *Syme,* 163 N. Y. 54, 57.) In 1910 section 20 of the General Construction Law was amended (Laws of 1910, chap. 347) so that the 3d and 4th sentences thereof read: " In computing any specified period of time from a specified event, the day upon which the event happens is deemed the day from which the reckoning is made. The day from which any specified period of time is reckoned shall be excluded in making the reckoning," thus carrying into effect the suggestion of the Court of Appeals. The rule, therefore, is now the same, whether time is to be reckoned by days, weeks, months or years. (*Hudspith* v. *Pierce-Arrow Motor Car Co.,* 180 App. Div. 147.)

The time within which the contract in this action was to be performed should be reckoned, therefore, from Sunday, September 23, 1917, the day following the day on which it was made, and the period would expire on Sunday, September 22, 1918, which is within one year from the making thereof. The defense of the Statute of Frauds was not available to the defendant, and the request to charge was properly refused.

The determination of the Appellate Term should be affirmed, with costs.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concurred.

Determination affirmed, with costs.