DAVID GOLDBERG, Respondent, *v.* MAURICE MARKEL, Doing Business under the Name of AMERICAN ART EMBROIDERY Co., Appellant.

First Department, January 25, 1924.

**Master and servant — action to recover for wrongful discharge — defense that agreement was oral and void under Statute of Frauds on ground that by its terms it was not to be performed within one year from making thereof — error for court to refuse to charge that if contract was made August 19, 1920, to run from August 20, 1920, to August 20, 1921, contract is void.**

In an action to recover damages for wrongful discharge in which the defendant interposed the defense that the contract was oral and, inasmuch as it was made on August 19, 1920, for a period to begin on August 20, 1920, and to terminate August 20, 1921, it was void under the Statute of Frauds on the ground that by its terms it was not to be performed within one year from the making thereof, and in which the question of fact litigated was as to whether or not the contract made came within the provisions of the statute, it was error for the court to refuse to charge that if the jury believed the plaintiff's version of the case as set forth in the bill of particulars, to the effect that he was hired on the 19th day of August, 1920, for a term commencing on the 20th day of August, 1920, and terminating on the 20th day of August, 1921, the contract is void as being within the Statute of Frauds, since said charge was doubtless effective in rendering defendant's proof that the contract was within the statute of no avail to him.

APPEAL by the defendant, Maurice Markel, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 17th day of February, 1923, upon the verdict of a jury, and also from an order entered in said clerk's office on the 19th day of February, 1923, denying the defendant's motion for a new trial made upon the minutes.

*Samuel Kahan* [*Horace G. Marks* of counsel], for the appellant.

*Israel Siegel,* for the respondent.

McAvoy, J.:

The plaintiff in this action alleges that defendant employed him as an embroidery machine operator for a period commencing on August 20, 1920, and ending on August 20, 1921, at a salary of ninety-five dollars per week; and that defendant wrongfully discharged plaintiff on November 1, 1920.

The answer admits the employment and the discharge, but asserts that there was no hiring for a definite period, and sets forth that if there was any such agreement it was void under the

Statute of Frauds, because the agreement, if any, was made on August 19, 1920, for the hiring to begin on August 20, 1920, and to terminate August 20, 1921, and thus it contemplated a contract which could not be performed within a year from the making thereof, to wit, that it was a hiring for a year and two days beginning on the 19th day of August, 1920, and ending on the 20th day of August, 1921.

The plaintiff filed a bill of particulars, in which he alleged that the agreement was made on the evening of August 19, 1920, at defendant's place of business; that it was oral; and that the substance of the agreement was that the defendant agreed to employ the plaintiff as a machine operator and embroiderer for a period commencing August 20, 1920, and ending on August 20, 1921.

Respondent also in his bill of particulars computes his damage to be at the rate of ninety-five dollars per week for a period of forty-two weeks from November 1, 1920. Forty-two weeks from November 1, 1920, expires on August 22, 1921.

Upon cross-examination, after plaintiff had detailed all the conversation had on August 19, 1920, when he alleges he was hired for a year, his services to commence on the following day, he was asked whether he was to work on August 20, 1920, and he answered, " Yes; " and in answer to the succeeding question, he testified he was to work every working day after that. He was then asked if he was to work on August 20, 1921, and he answered, " No." In answer to the question whether anything was said about the 20th day of August, 1920, he answered, " No."

Plaintiff upon further cross-examination by defendant's counsel said, in respect to the variance of his testimony from the statement in the bill of particulars, that he did tell his attorney that that was the period of the employment; but he repeated that nothing whatsoever was said between defendant and him as to the day or dates to which the employment was to continue or on which it would end. He then testified that his statement for the period in which his contract was to run was upon his own calculation and not based upon any statement of defendant.

Thus a question of fact whether the Statute of Frauds did apply to the hiring or not was squarely presented, and the defendant's counsel asked the court to charge these requests, as follows: " I respectfully ask your Honor to charge that the plaintiff is bound by his bill of particulars. The Court: Yes, I charge that. [Defendant's Counsel]: I ask your Honor to charge that if the jury believes the plaintiff's version of this case as set forth in the

bill of particulars, to-wit, that he was hired on the 19th day of August, 1920, for a term commencing on the 20th day of August, 1920, and terminating on the 20th day of August, 1921, the contract is void, as being within section 31 of the Personal Property Law. [Statute of Frauds.] The Court: I refuse to charge as requested. [Defendant's Counsel]: I respectfully except."

This refusal to charge was doubtless effective in rendering defendant's proof that the contract was within the Statute of Frauds of no avail to him, and was a substantial error of law for which we must reverse the judgment. It permitted the jury to find that, notwithstanding the complaint, the bill of particulars and the plaintiff's testimony as to the date of hiring and the termination of the employment, the plaintiff might recover, although if the version of the employment was as asserted by him in the bill of particulars, the contract would not be enforcible.

The judgment and order should, therefore, be reversed and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., DOWLING, FINCH and MARTIN, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide the event.