MIRIAM BARON, Respondent, v. MAX G. YOKEL and Others, Defendants. ALEXANDER GERSEN, Appellant.— Order affirmed, with ten dollars costs and disbursements. We are of opinion that in making the requests to find conform to the decision and judgment already made the court did not make a change of substance nor one beyond its power to make. Kapper, Seeger and Scudder, JJ., concur; Lazansky, P. J., and Hagarty, J., dissent upon the ground that the trial court had no authority to make a change of substance in the findings.

CHRISTEN BJORLOW, INC., Respondent, v. JOSEPH VAN ROY and KATHERINE VAN ROY, His Wife, Appellants.— Judgment affirmed, with costs. No opinion. Kapper, Seeger and Scudder, JJ., concur; Lazansky, P. J., and Hagarty, J., dissent, being of opinion that the finding that the work was done after April first is against the weight of the evidence.

HENRY D. BRANDYCE and WALTER DORMITZER, Copartners, etc., Respondents, v. GLOBE AND RUTGERS FIRE INSURANCE COMPANY, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ.

CHARLES L. DIMON, Respondent, v. JOHN L. CURLEY and JESSICA SHEWAN, as Executors, etc., of JAMES SHEWAN, Deceased, and EDWIN SHEWAN, Appellants.— Judgment, and order denying motion for a new trial, unanimously affirmed, with costs. The charge of the learned trial justice, that plaintiff could recover the $25,000 and the additional $1,552 expenditures only in the event that the jury found the contract to have been breached by defendants, must be regarded as having been the view taken by them in the light of their verdict. This conclusion requires us to hold that the charge as complained of in other respects was, therefore, harmless error. Present — Lazansky, P. J., Young, Kapper, Seeger and Scudder, JJ.

MAURICE GOLDMAN, Appellant, v. SAMUEL ACKERMAN and DAVID DAVIDSON, Individually and as Copartners, Doing Business under the Firm Name and Style of ACKERMAN & DAVIDSON, Respondents.— Judgment reversed upon the law and the facts and a new trial granted, costs to abide the event. The statute (Pers. Prop. Law, § 31) requires a writing only if such agreement " by its terms is not to be performed within one year from the making thereof." The contract of employment sued upon is claimed to have been made on Saturday afternoon, November 14, 1925, for the period of one year. It is not the plaintiff's proofs that the year was to begin on the following Monday when he commenced work. The contract was capable of performance within one year from the time it was made (Crown v. Litvak, 159 N. Y. Supp. 34, and not officially reported; Prokop v. Bedford Waist & Dress Co., Inc., 187 App. Div. 662); and if there be any ambiguity in the testimony upon this point, " it was for the jury to determine when the contract of employment began and when it terminated." (Sheingold v. Baer, 145 App. Div. 493, 494.) Whether the plaintiff ought to be believed in his assertions of the over-assurances of the defendants as to the nature of his contract must be left to the jury. Lazansky, P. J., Young, Kapper, Seeger and Carswell, JJ., concur.