JAMES CARTER, Respondent, v. BROCKWAY MOTOR COMPANY, INC., Appellant. VIOLA STEINER, Appellant, v. JAMES CARTER, Respondent.— [First appeal.] Action for damages under sections 79 and 80, Personal Property Law, on the theory that an automobile sold under a conditional sales contract was subjected to foreclosure and sale without compliance with the ten-day provision of notice of said sale. Order dated May 29, 1935, granting plaintiff's motion for summary judgment under rule 113 of the Rules of Civil Practice, to the extent of striking from the answer the denial of defendant Brockway Motor Company, Inc., of the tenth

paragraph of the complaint, and order of the same date, denying defendant's cross-motion for summary judgment, reversed on the law, with ten dollars costs and disbursements, plaintiff's motion denied, and defendant's cross-motion for summary judgment granted, with ten dollars costs. Order dated June 5, 1935, striking out the answer and referring the matter, on motion of plaintiff, to an official referee to assess damages against defendant Brockway Motor Company. Inc., reversed on the law, with ten dollars costs and disbursements, and motion denied, without costs. [Second appeal.] Action by plaintiff Steiner to recover as assignee of the Brockway Motor Company, Inc., a deficiency arising on the sale of an automobile pursuant to statute having been originally sold under a conditional sales contract. Order dated May 29, 1935, granting defendant Carter's motion for summary judgment under rule 113 and judgment entered thereon, dated June 7, 1935, reversed on the law, with ten dollars costs and disbursements, defendant Carter's motion denied, and plaintiff Steiner's cross-motion granted, with ten dollars costs. A notice of sale was given on December 21, 1933. A sale was had on January 2, 1934, at ten-thirty A. M. Section 79 of the Personal Property Law requires, under circumstances specified therein, that notice of sale shall be given by the seller to the original buyer of " not less than ten days." The proper method of computation is to exclude the first and include the last day of the period. Hence December twenty-first is excluded and the tenth day thereafter, December thirty-first, is included. The latter day, however, because it is Sunday, is required to be excluded, as is January first, because it is a holiday. (General Construction Law, § 20.) Hence January second becomes the tenth day. A sale on that day was a valid sale. The computation contended for by respondent that excludes both terminal days may not be accepted. ( *Kane* v. *City of Brooklyn,* 114 N. Y. 586; *People* v. *Burgess,* 153 id. 561, 572; *Eisenberg* v. *Commercial Credit Corp.,* 267 id. 80; *Strickland* v. *Hare & Chase, Incorporated,* 217 App. Div. 196; Bogert, Commentaries on the Law of Conditional Sales, p. 163; *H. E. & S. T. Corp.* v. *Checker Cab Sales Corp.,* 271 N. Y. 239.) The law does not concern itself with fractions of days, except in cases where the hour itself is material or where the act is required to be done " after " a specified period rather than where the act is to be done in " not less than " a specified period. (*Marvin* v. *Marvin,* 75 N. Y. 240, 243.) In the former situation the last day of the period is excluded in the computation. Lazansky, P. J., Carswell, Davis, Adel and Taylor, JJ., concur.