GEORGE GOON, Respondent, *v.* FU MANCHU'S RESTAURANT, INC., Appellant.

First Department, March 18, 1938.

*James A. Dilkes* of counsel [*Walter A. Maggiolo* with him on the brief; *Saul S. Goldman,* attorney], for the appellant.

*Isidore Meyer* of counsel [*Lind, Shlivek, Marks & Brin,* attorneys], for the respondent.

DORE, J. Defendant appeals from an order denying its motion to dismiss the complaint in an action to recover damages for wrongful discharge under a contract of employment.

Before answer defendant moved to dismiss on the ground that the contract on which the action was founded is unenforcible under the provisions of the Statute of Frauds. (Rules Civ. Prac. rule 107, subd. 8.) Defendant submitted an affidavit that the arrangements made by plaintiff were oral and that no writing of any kind passed between the parties. Plaintiff failed to serve an answering affidavit and accordingly the sole question on appeal is whether the contract alleged in the complaint, considered as oral, is void under the Statute of Frauds.

The complaint alleges that " on the first day of October, 1937, the defendant herein entered into a contract with the plaintiff for a period of one year by which it was agreed, among other things, that the defendant employed the plaintiff " as a kitchen steward in defendant's restaurant business " and the plaintiff accepted such employment for the period set forth therein, to wit, commencing October 2, 1937, and ending October 1, 1938." Plaintiff further alleges that the compensation was for a salary of fifty-eight dollars a week, that " immediately upon the execution of the aforesaid agreement " the plaintiff proceeded to perform all the terms and conditions on his part to be performed and did so until defendant without just cause, on November 8, 1937, discharged plaintiff and prevented further performance which was duly tendered.

The statute (Pers. Prop. Law, § 31, subd. 1), so far as relevant, reads as follows:

" Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking:

" 1. By its terms is not to be performed within one year from the making thereof."

Defendant contends that by the terms of the contract explicitly set forth in the complaint it could not be performed within one year; that performance thereunder would continue for one year and a day from the making thereof; that, accordingly, as the contract was oral it is within the statute and void; and relies on *Goldberg* v. *Markel* (207 App. Div. 752 [1st Dept. Jan. 1924]).

Plaintiff contends that it is well settled that an oral contract of employment for one year commencing on the day following the date of the making thereof is not within the Statute of Frauds, and relies on *Prokop* v. *Bedford Waist & Dress Co., Inc.* (187 App. Div. 662 [1st Dept. May, 1919]).

In the *Prokop* case plaintiff was employed as a patternmaker on Monday, September 10, 1917, on trial for one week; on the following

Saturday, the fifteenth, he was employed for another week on trial; and on the succeeding Saturday, September twenty-second, before noon, the secretary and treasurer of the defendant told the plaintiff that he wanted a man for the whole year, stating, " You will have the whole year a job with me; you go ahead," and the plaintiff testified, " and so I did," continued his work on the Saturday morning of the conversation and worked under the contract until he was discharged in March, 1918. On the trial the court refused to charge the jury as requested by defendant's counsel, that if the jury " believe the plaintiff's version that an agreement was made on September 22nd, but that plaintiff was to commence in the performance of that work on the following Monday, that they must find for the defendant under the Statute of Frauds." The jury found for the plaintiff and on appeal to the Appellate Term from the judgment entered on the jury's verdict the judgment was affirmed. (105 Misc. 573.) In the opinion of the Appellate Term the court first pointed out that the request to charge was inaccurate, as there was no evidence in the record that the plaintiff was not to commence work under the new contract until the following Monday, but that on the contrary the plaintiff testified he was " to commence work under that new arrangement right the same afternoon." The opinion also rested upon the established canon of statutory construction that in calculating a period of time fractions of a day will not be considered; and the court, after reviewing the English and American cases applicable, concluded " that an oral contract for a year to commence on the day following its making is not within the inhibition of the statute." On appeal, this court, after giving express approval to the opinion of the Appellate Term, unanimously affirmed, giving as a further reason determinative of the case the General Construction Law, section 20, which provides that the day from which any specified period of time is reckoned shall be excluded in making the reckoning, and concluded that the time within which the contract in that case was to be performed should, therefore, be reckoned from Sunday, September 23, 1917, the day following the day on which it was made, and the period would expire on Sunday, September 22, 1918, within one year from the making of the contract and, accordingly, held that the defense of the Statute of Frauds was not available to defendant and that the requested charge was properly refused.

*Goldberg* v. *Markel* (*supra*) was also an action for damages for wrongful discharge to which the defense of the Statute of Frauds had been interposed. The trial court had refused defendant's request to charge that if the jury believed plaintiff's version set

forth in his bill of particulars " that he was hired on the 19th day of August, 1920, for a term commencing on the 20th day of August, 1920, and terminating on the 20th day of August, 1921, the contract is void as being within section 31 of the Personal Property Law." The jury found for plaintiff. This court unanimously reversed the judgment entered on the verdict, on the ground that the refusal so to charge was substantial error of law as it permitted the jury to find notwithstanding the complaint, the bill of particulars and plaintiff's testimony as to the date of hiring and termination of employment, that the plaintiff might recover " although if the version of the employment was as asserted by him in the bill of particulars, the contract would not be enforcible." Though the *Prokop* case is not referred to in the opinion of *Goldberg* v. *Markel,* an examination of the record on appeal discloses that the *Prokop* case was cited and argued in the briefs on both sides before this court, and the distinction between a case based on calculation and one based on the express terms of the contract was fully presented.

That is the distinction defendant relies on in the case at bar. It is said that in the *Prokop* case a calculation was necessary to ascertain the dates in the period of time involved and it was, therefore, proper to apply the canons of construction disregarding fractions of a day and the rule of the General Construction Law to exclude the day from which any specified period of time is reckoned; but that in the *Goldberg* case, as in this case, the terms are expressed, there is no need to make any calculation or reckoning, and we cannot apply the General Construction Law or the canons of statutory construction.

It should be noted, however, that the *Goldberg* case in one essential fact materially differs from the case at bar, and because of that factual difference the conclusion there reached is consistent with the assumption that the court followed the general rule that the law will not take note of fractions of a day and excluded August 19, 1920, the day or the part of the day remaining after the contract had been made. Even with that day excluded the contract there alleged was still within the statute as the performance commenced August 20, 1920, and ended August 20, 1921, one day beyond the anniversary of its making. That is not so in the case before us. If October 1, 1937, the day on which this contract was made, be excluded, the contract does not fall within the statute, as performance commences October 2, 1937, and ends October 1, 1938, the day of the anniversary of the making of the contract, one full year but not a year and a day after the making of the contract. We consider, therefore, that the *Goldberg* case is not a precedent controlling the decision in the case before us.

It is a general rule in the interpretation of statutes that they should receive a reasonable construction; that forced constructions leading to unreasonable results are presumed to be against legislative intent. (Statutes and Statutory Construction, book 1, McKinney's Consolidated Laws, pp. 144, 145, and cases cited.) Section 20 of the General Construction Law, so far as relevant, reads: " The day from which any specified period of time is reckoned shall be excluded in making the reckoning." That section is applicable to every statute unless its general object or the context of the language construed indicate that a different meaning or application was intended from that required to be given by the General Construction Law (§ 110). We see no valid or substantial reason why section 20 should not be applied to a period of one year, when specified by dates, as well as to the identical period, when designated as " one year." If there is a distinction, it is a distinction without a difference. Law is reason and that which is not reason should not be law. The reason for the rule that the law takes no notice of fractions of a day, and the statute excluding the day from which any specified period of time is reckoned, is equally applicable to both methods of specifying the period of one year, and neither the object of the statute (Pers. Prop. Law, § 31, subd. 1), nor the context of its language indicates that a different meaning was intended from that required under the General Construction Law. We must reasonably construe the meaning of the words " *from* the making thereof." (Italics mine.) Excluding the day or the fraction of the day on which the contract was made is literally computing the specified period of time *from* such day; that is, from and after its expiration, such day being regarded as a point of time. (See *Phelan* v. *Douglass*, 11 How. Pr. 193, 195.) Without violence, therefore, to the letter, and surely in accord with the purpose and spirit of the statute, the day of the making should be excluded.

Despite any prior diversity of opinion (*Billington* v. *Cahill*, 51 Hun, 132; *Jonap* v. *Preger*, 59 Misc. 187 [App. Term, 1st Dept. 1908]), we consider that since the decision in the *Prokop* case it is now settled that an oral contract of employment for one year, performance to commence the day following the making of the contract, is valid and enforcible, and we further consider that rule sound on principle as well as on authority. (*Smith* v. *Gold Coast & Ashanti Explorers, Ltd.*, L. R. [1903] 1 K. B. 285; affd., Id. 538; *Prokop* v. *Bedford Waist & Dress Co., Inc., supra; Goldman* v *Ackerman*, 225 App. Div. 829 [2d Dept.]; *Dickson & Co.* v. *Frisbee*, 52 Ala. 165; Restatement of the Law of Contracts, § 198, comment d; 27 A. L. R. 660, 665; 7 Halsbury's Laws of England [2d ed.], § 156, p. 110.)

In *Smith* v. *Gold Coast & Ashanti Explorers, Ltd.* (*supra*), the oral contract alleged was made December 6, 1901, under the terms of which the plaintiff was engaged by the defendants to act as their solicitor for a year beginning December 7, 1901. Lord Chief Justice ALVERSTONE said: " In one sense the contract may be said to be one which is not to be performed within the space of one year from the date when it was made. It depends upon whether the period of service is to exclude or include the day next after that on which the contract was entered into. * * * But if the contract in this case was for a year's service commencing on December 7, 1901 — that is, on the day next after that on which the contract was made — and terminating on December 6, 1902, there is authority for holding that such a contract is not within the statute. In *Cawthorne* v. *Cordrey* (13 C. B. [N. S.] 406) it had been ruled at the trial that an agreement made on a Sunday for a year's service to commence on the Monday was not within the statute. In the course of the argument on a rule for a new trial WILLES, J., said: ' If a builder undertakes to build a house within a year, that means a year from the next day; ' and BYLES, J., said: ' If you adopt the reasonable rule which excludes fractions of a day, taking the receipt to define the duration of the contract, there would be only three hundred and sixty-five days.' These dicta are an expression of opinion in favour of the view that the statute does not apply where the service is to commence on the day next after the agreement." He concluded (WILLS and CHANNELL, JJ., concurring) that a contract for a year's service to commence on the day next after the day on which the contract was made is not a contract which is not to be performed within one year from the making thereof within the meaning of the Statute of Frauds.

The American Law Institute, Restatement of the Law of Contracts, sets forth the following rules regarding the issue presented for our determination:

" § 178. Classes of contracts within the Statute of Frauds.

" (1) The following classes of informal contracts are by statute unenforceable unless there is a written memorandum thereof signed by the party against whom enforcement of the contract is sought, or by some person thereunto authorized by him: * * *

" Class V. Bilateral contracts, so long as they are not fully performed by either party, which are not capable of performance within a year from the time of their formation."

" § 198. When contracts not performable within a year are within class V of § 178.

" Where any of the promises in a bilateral contract cannot be fully performed within a year from the time of the formation of the

contract, all promises in the contract are within Class V of § 178, unless and until one party to such a contract completely performs what he has promised. When there has been such complete performance, none of the promises in the contract is within Class V.

" Comment: * * *

" d. In calculating the period of a year under the rule of the Section, fractions of a day are disregarded in the way most favorable to the enforceability of a contract. It is immaterial for the purposes of the calculation at what hour of the day the contract was entered into. A year within which complete performance must be possible to prevent the contract from being within Class V, ends at midnight of the anniversary of the day on which the contract is made.

" Illustrations: * * *

" 6. On December 1, 1923, A and B contract orally for A's employment by B at a stated salary for a year beginning the following day. The contract is not within Class V."

The year within which complete performance of the contract at bar was possible ends at midnight October 1, 1938, the anniversary of the day on which the contract was made. There was no obligation to perform beyond the anniversary of the making. We conclude that the contract is not within the statute.

The order of Special Term should be affirmed, with twenty dollars costs and disbursements, with leave to the defendant to answer within twenty days after service of order with notice of entry, upon payment of said costs.

MARTIN, P. J., TOWNLEY, COHN and CALLAHAN, JJ., concur.

Order unanimously affirmed, with twenty dollars costs and disbursements, with leave to the defendant to answer within twenty days after service of order upon payment of said costs.