CARL FELL, Appellant, v. AMERICAN FINANCIAL & DEVELOPMENT CORPORATION FOR ISRAEL, Respondent.— In an action to recover damages for breach of an employment contract, judgment dismissing complaint in accordance with the granting of a motion at the close of plaintiff's case reversed on the law and a new trial granted, with costs to appellant to abide the event. The plaintiff testified that he was hired on March 21, 1951, for a period of one year from that date, a contract which would not be within the purview of subdivision 1 of section 31 of the Personal Property Law. He testified that he started to work as of that time and this testimony is corroborated by the fact that he received a salary commencing March 21, 1951. A letter subsequently written might be construed as contradicting his testimony that he started to work on March 21st and that he actually started to work on March 26th. This was an ambiguity which would be for the jury to determine. (*Closson v. Thompson Pulp & Paper Co.*, 112 App. Div. 273; *Sheingold v. Baer*, 145 App. Div. 493, 494; *Goldman v. Ackerman*, 225 App. Div. 829.) But, in any event, the letter does not serve as a contradiction of the testimony of the plaintiff that the contract terminated one year from March 21, 1951. In fact it is stated in the letter that the hiring was had on March 21, 1951. Proof adduced by plaintiff was sufficient to enable a jury to find that the contract was without the statute. In the light of the proof as to the status of one Chasin to the effect that he was the person actively in charge of the entire New York office of the defendant, the evidence is sufficient to show that he possessed authority to make the contract for a period of one year. (*Cox v. Albany Brewing Co.*, 56 Hun 489.) Nolan, P. J., Carswell, Wenzel, MacCrate and Schmidt, JJ., concur.

MIRIAM GOLDSTEIN et al., Appellants, v. NATHAN BROCKSTEIN et al., Respondents.— In an action for judgment directing conveyance of property in accordance with an express parol trust, order dismissing complaint on the ground that it is barred by the Statute of Frauds and because the plaintiffs are not the real parties in interest reversed on the law, with $10 costs and disbursements, and motion denied, with $10 costs. The complaint sufficiently alleges the creation of an express parol trust (*Foreman v. Foreman*, 251 N. Y. 237; *McKenna v. Meehan*, 248 N. Y. 206; *Wnuk v. Wnuk*, 95 N. Y. S. 2d 254, affd. 276 App. Div. 1102) as to which the provision in subdivision 1 of section 31 of the Personal Property Law, as well as section 242 of the Real Property Law, is inapplicable (*Blanco v. Velez*, 295 N. Y. 224). It is alleged in the complaint that the grandmother of the plaintiffs and mother of the individual defendants, who had received the property, did so pursuant to the agreement. (Cf. *Meltzer v. Koenigsberg*, 277 App. Div. 1050, affd. 302 N. Y. 523.) Under the allegations of the complaint which are susceptible of the interpretation placed upon them by the bill of particulars, the personal representatives of the estates of the promisor and of the mothers of the plaintiffs are not indispensable parties, and even if they were to be so regarded, the plaintiffs should have been afforded a reasonable time within which to join them. (Civ. Prac. Act, § 193.) Nolan, P. J., Carswell, Adel, Wenzel and MacCrate, JJ., concur.