■ VLASSIS BACALOKONSTANTIS et al., Appellants, v MICHAEL NICHOLS et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Lerner, J.), dated March 20, 1987, which denied their motion to dismiss the affirmative defense of the defendants New York City Depart-

ment of Environmental Protection (hereinafter DEP) and the City of New York (hereinafter City) that this action was not timely commenced pursuant to General Municipal Law § 50-i and granted the City's cross motion for summary judgment dismissing the complaint insofar as it is asserted against the DEP and the City, and (2) an order of the same court, dated June 10, 1987, which denied the plaintiffs' motion for leave to enter a default judgment against the defendant Michael Nichols (hereinafter Nichols), and granted the City's cross motion for an extension of time to interpose an answer on behalf of Nichols and thereupon deemed Nichols' answer filed as of the date of the order.

Ordered that the order dated March 20, 1987 is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated June 10, 1987, is modified (1) by deleting the provision thereof granting the City's cross motion for an extension of time within which to interpose an answer on behalf of Nichols, and substituting therefor a provision denying the City's cross motion, and (2) by adding a provision thereto dismissing the action as against Nichols as untimely; as so modified, the order is affirmed, without costs or disbursements.

On July 22, 1985, at approximately 2:35 P.M., the plaintiffs allegedly sustained injuries when their car was struck in the rear by a car driven by Nichols and owned by the defendants DEP and the City. The plaintiffs filed a notice of claim pursuant to General Municipal Law § 50-e, and commenced the instant action by service of a summons and complaint on the City on October 21, 1986, and on Nichols on November 1, 1986.

The City subsequently sought summary judgment dismissing the complaint as against it and the DEP, on the ground that the plaintiffs' cause of action was time barred because it was not commenced within the 1-year-and-90-day period specified in General Municipal Law § 50-i.

Relying on the language of General Municipal Law § 50-i, which states in relevant part: "(c) the action or special proceeding shall be commenced within one year and *ninety days* after *the happening of the event* upon which the claim is based" (emphasis added), and a strained construction of General Construction Law §§ 19, 20, the plaintiffs contend, in effect, that the 1-year-and-90-day Statute of Limitations commenced to run at 2:35 P.M. on July 22, 1985. By excluding the first full day, and including the last day, the plaintiffs con-

clude that the period ended at 2:34 P.M., on October 21, 1986, and that their service on the DEP at 12:32 P.M. on October 21, 1986, and the City on 1:04 P.M. on October 21, 1986, was, therefore, timely. We disagree.

The plaintiffs' analysis runs counter to the long-settled prevailing rule which does not consider fractions of days in computing time periods unless the hour itself is material to the resolution of competing claims (see, e.g., *Goon v Fu Manchu's Rest.*, 253 App Div 531; *Carter v Brockway Motor Co.*, 248 App Div 734; *Deerfield Bldg. Corp. v Yorkstate Indus.*, 77 Misc 2d 302). The proper method when computing time periods is to exclude the day of the event and to include the last day up to midnight of that day (General Construction Law § 20). Accordingly, the plaintiffs were required to serve the City and the DEP by midnight on October 20, 1986. Since service occurred subsequent thereto, summary judgment dismissing the complaint as against the City and the DEP was properly granted.

In its answer to the complaint, the City had denied the plaintiffs' allegation that Nichols was acting within the scope of his employment at the time of the occurrence of the accident. However, the Corporation Counsel, in its brief on appeal, has indicated that this denial was purely inadvertent since "The decision [by the Corporation Counsel] to represent Nichols [was] based on the * * * belief that Nichols was acting within the scope of his employment". This representation, coupled with the allegation in the plaintiffs' complaint that Nichols was, in fact, acting within the scope of his employment when the accident occurred, compels the conclusion that the time constraints contained in General Municipal Law § 50-i are equally applicable to Nichols. Therefore, upon searching the record in the context of the City's motion for summary judgment, we conclude that since Nichols was served with the pleadings on November 1, 1986, after the 1-year-and-90-day Statute of Limitations had elapsed, the action as against Nichols must also be dismissed as untimely. Mollen, P. J., Mangano, Eiber and Sullivan, JJ., concur.