■ MARK ROTER et al., Respondents, v HOWARD WEXLER, Appellant, et al., Defendants. (And a Third-Party Action.) [600 NYS2d 28] —Order and judgment of the Supreme Court, New York County (Edward J. Greenfield, J.), entered October 7, 1992 and October 16, 1992, respectively, which granted plaintiffs' motion for summary judgment and entered judgment in the amount of $28,321.25 in favor of plaintiffs, reversed, on the law, the motion denied and judgment vacated, without costs.

Plaintiffs are the proprietary lessees of a cooperative apartment in a building located at 60 East End Avenue in the City and County of New York. As a result of renovations being made to defendant Wexler's apartment, plaintiffs' apartment sustained water damage of over $100,000. After receiving payment from their insurance carrier, plaintiffs commenced this action seeking to recover for unreimbursed damages from Wexler and defendants Caserta Contracting Corporation, the general contractor for the project, and Frank Branciforte, the plumbing subcontractor. Plaintiffs' motion for summary judgment against defendant Wexler was granted on the grounds that there is no question the water emanated from his apartment and that only a perfunctory defense was presented with respect to the amount of plaintiffs' damages. Supreme Court concluded that "a tenant whose renovations caused damage to another tenant's property cannot escape liability for damages caused, but may seek redress from the culpable parties in another action". Defendant Wexler appeals.

It is undisputed that the work on Wexler's apartment was performed by independent contractors. Plaintiffs concede that,

as a general rule, an employer is not liable for the negligence of independent contractors he has hired *(Rosenberg v Equitable Life Assur. Socy.,* 79 NY2d 663). They argue, however, that Wexler has "a duty as a tenant in a cooperative corporation to keep his premises safe for other tenants" and so falls within the ambit of an exception to the rule *(supra)*.

We note that Supreme Court, *sua sponte,* dismissed plaintiffs' action against defendant contractors, citing *Raffa v Stilloe Roofing & Siding* (182 AD2d 901). In that case, the Appellate Division, Third Department dismissed a claim brought by a proprietary tenant against a contractor, hired by the cooperative corporation to perform roofing repairs, which sought to recover damages for an inguinal hernia sustained while he was attempting to move a bed to avoid damage from leaking water. Although plaintiffs have not appealed from this ruling, we find the cited authority questionable and of little relevance to the facts before us. Where the damage complained of results directly from the ordinary negligence of defendant contractors, policy questions with respect to plaintiffs' inclusion within the ambit of the contractors' duty are not implicated *(compare, Strauss v Belle Realty Co.,* 65 NY2d 399).

As a cooperator, defendant is under no statutory duty, and, therefore, this action is governed by rules of ordinary negligence. At this early stage of the action, in the absence of pretrial discovery, plaintiffs have advanced no proof of defendant Wexler's culpability in the damage sustained to their apartment, the facts being entirely within the knowledge of defendants. Summary judgment is rarely appropriate in a negligence action *(Ugarriza v Schmieder,* 46 NY2d 471, 474) and is not warranted in the instant circumstances. Concur— Ellerin, J. P., Ross, Kassal and Rubin, JJ.

Asch, J., dissents in part in a memorandum as follows: I agree with the majority that the IAS Court erred when it granted plaintiffs summary judgment against defendant Wexler. However, I would carry their reasoning further to its logical conclusion and grant defendant Wexler summary judgment dismissing plaintiffs' complaint against him.

I agree with the statement by the majority that "[i]t is undisputed that the work on Wexler's apartment was performed by independent contractors" and, further, that "as a general rule, an employer is not liable for the negligence of independent contractors he has hired *(Rosenberg v Equitable Life Assur. Socy.,* 79 NY2d 663)." Finally, I agree with the statement that defendant Wexler is under no statutory duty as a cooperator.

Simply reiterating these legal conclusions drawn by the majority points out the inescapable result, i.e., that plaintiffs do not have a cause of action against defendant Wexler for the damage to their apartment.