■ ROBERT VILLEGAS, Also Known as ROBERTO VILLEGAS, Appellant, v VOLMAR CONSTRUCTION, INC., et al., Respondents, et al., Defendants. [697 NYS2d 112] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Garry, J.), dated September 2, 1998, as granted the motion of the defendants Volmar Construction, Inc., and Franco Belli Plumbing and Heating, Inc., for partial summary judgment dismissing the claims against them which were predicated upon Labor Law § 240 (1) and dismissed the entire complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof dismissing the complaint insofar as asserted against the respondents in its entirety, and substituting therefor a provision dismissing only the plaintiff's claims against the respondents which were predicated upon Labor Law § 240 (1); as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The plaintiff was employed as a janitor in a New York City public school building that underwent significant renovations from August 1993 through October 1994. The plaintiff, whom the Workers' Compensation Board reportedly determined to be partially disabled, commenced this action against various contractors involved in the construction. In pertinent part, the complaint alleged that the respondents negligently failed to control airborne emissions from their work, thus exposing him to dangerous levels of asbestos, dust, and lead. It was further alleged that the plaintiff inhaled these substances, thus worsening his asthma and forcing him to retire prematurely. The complaint also asserted violations of Labor Law § 240 (1).

The respondents moved for partial summary judgment dismissing the plaintiff's Labor Law § 240 (1) claims against them because those claims did not arise as a result of an elevation or gravity-related condition. The Supreme Court, however, dismissed the entire complaint against the respondents, as it evidently construed the complaint as alleging only a single cause of action against them pursuant to Labor Law § 240 (1).

The court was correct in dismissing the Labor Law § 240 (1) claims against the respondents since the plaintiff was not claiming to have suffered an elevation or gravity-related injury

(*see, Norton v Park Plaza Owners Corp.*, 263 AD2d 531; *Conway v Beth Israel Med. Ctr.*, 262 AD2d 345). However, the court failed to discern the plaintiff's cognizable allegations of negligence. Indeed, whereas Labor Law § 240 (1) is a strict liability statute (*see, Milan v Goldman,* 254 AD2d 263; *George v State of New York,* 251 AD2d 541), the complaint and the plaintiff's bill of particulars expressly attribute the plaintiff's injuries to the respondents' alleged negligent, careless, and reckless failure to contain airborne emissions. Inasmuch as the respondents did not seek dismissal of the plaintiff's negligence claims and thus failed to make a prima facie showing of entitlement to judgment as a matter of law thereon, the Supreme Court erred insofar as it dismissed the complaint in its entirety as to them. S. Miller, J. P., O'Brien, Ritter and Florio, JJ., concur.