■ OLIVIA WOHLGEMUTH, et al., Respondents, v LANG CONSTRUCTION, LLC, Respondent, and LAUREL E. WATTS et al., Appellants. [795 NYS2d 634]—

In an action, inter alia, to recover damages for personal injuries, etc., the defendants Laurel E. Watts and Torrance W. Robinson appeal from an order of the Supreme Court, Kings County (Schneier, J.), dated October 8, 2004, which denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them and the cross claims asserted against them by the defendant Lang Construction, LLC.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The Supreme Court properly denied the appellants' motion to dismiss the complaint insofar as asserted against them and the cross claims asserted against them by the defendant Lang Construction, LLC (hereinafter Lang). On a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must determine if the factual allegations of the complaint state any cause of action cognizable at law. The pleadings are to be liberally construed and the court must accept as true the facts alleged in the complaint and any submissions in opposition to the dismissal motion (see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 152 [2002]; Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409, 414 [2001]; Maldonado v Olympia Mech. Piping & Heating Corp., 8 AD3d 348 [2004]).

The complaint sufficiently alleges that the appellants engaged in a renovation project on their property but negligently failed to take reasonable precautions to avoid injury to adjoining landowners (see 532 Madison Ave. Gourmet Foods v Finlandia Ctr., 96 NY2d 280, 290 [2001]) caused by dangerous airborne emissions (see Villegas v Volmar Constr., 265 AD2d 480, 481 [1999]). Moreover, accepting the allegations in the plaintiffs' affidavits as true, the appellants were made aware of this hazard but failed to take reasonable steps to abate the danger caused by lead dust and toxic mold emanating from their premises.

Although as a general rule a landowner is not liable for the negligence of an independent contractor he has hired, in the present case discovery is necessary (see Roter v Wexler, 195

AD2d 323, 324 [1993]) to determine if the appellants were negligent in failing to inform Lang of a lead threat at the premises against which Lang could have taken safety precautions. Therefore, the Supreme Court properly denied that branch of the appellants' motion which was to dismiss the cross claims asserted against them by Lang.

The parties' remaining contentions are without merit. Cozier, J.P., Ritter, Krausman and Skelos, JJ., concur.