Gottesman Family Properties, LLC, etc., Respondent, 
against
Medi-System Renal Care Management Services, LLC, Appellant.




Felton & Assoc. (Regina Felton, Esq.), for appellant.
Cahn & Cahn, P.C. (Daniel K. Cahn, Esq.), for respondent.

Appeal from a decision of the Civil Court of the City of New York, Queens County (Sally E. Unger, J.), dated May 12, 2015, deemed from a final judgment of the same court entered May 12, 2015 (see CPLR 5512 [a]). The final judgment, after a nonjury trial, awarded landlord possession and the sum of $354,436.17 in a nonpayment summary proceeding. The appeal from the final judgment brings up for review an order of the same court dated April 8, 2015 which denied tenant's motion to dismiss the petition.




ORDERED that the final judgment is reversed, without costs, the order dated April 8, 2015 is vacated, and tenant's motion to dismiss the petition is granted.
Landlord commenced this commercial nonpayment proceeding on February 26, 2015 by notice of petition and petition bearing the same date. The affidavit of service of the three-day rent notice (see RPAPL 711 [2]) states that the notice was served on February 23, 2015, a Monday. Tenant interposed an answer which alleged, among other things, that the rent notice was defective, and moved to dismiss the petition on the ground, among others, that the rent notice was not proper. By order dated April 8, 2015, the Civil Court denied tenant's motion. On May 12, 2015, following a nonjury trial, a final judgment was entered awarding landlord possession and the sum of $354,436.17. On appeal, tenant argues, among other things, that the proceeding was commenced prematurely.
General Construction Law § 20 requires that where a "number of days [is] specified as a period from a certain day within which or after . . . which an act is . . . required to be done," one must calculate the "number of calendar days exclusive of the calendar day from which the reckoning is made" (see Bacalokonstantis v Nichols, 141 AD2d 482, 484 [1988]). Here, landlord does not deny that the three-day rent notice was served on February 23, 2015 and that the proceeding was commenced on February 26, 2015. Inasmuch as this failed to provide tenant with three days to pay the rent demanded or surrender possession, the proceeding was [*2]commenced prematurely and tenant's motion to dismiss the petition should have been granted (see RPAPL 711 [2]).
Accordingly, the final judgment is reversed, the order dated April 8, 2015 is vacated and tenant's motion to dismiss the petition is granted.
Pesce, P.J., Aliotta and Elliot, JJ., concur.
Decision Date: May 19, 2017