D & A Grandview LLC v 60 Davidson LLC (2024 NY Slip Op 24270)

[*1]

D & A Grandview LLC v 60 Davidson LLC

2024 NY Slip Op 24270

Decided on October 19, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on October 19, 2024
Supreme Court, Kings County

D & A Grandview LLC, et al., Plaintiffs,

against
60 Davidson LLC, et al., Defendants.

Index No. 509080/2024

Antin, Ehrlich & Epstein, LLP, New York City (Rachel R. Aronov of counsel), for plaintiff.
Berger Fink LLP, Forest Hills (Leslie Perez-Bennie of counsel), for defendants 60 Davidson LLC and Ari Farkas.
McGivney Kluger Clark & Intoccia P.C., New York City (Lawrence McGivney of counsel), for defendants ACV Environmental Services, Inc. and ACV Enviro Corporation.
Richard A. Rosenzweig, Esq., P.C., Staten Island (Richard A. Rosenzweig of counsel), for defendant Commercial Lubricants, LLC.
Weber Gallagher Simpson Stapleton Fires & Newby, LLP, New York City (Alex Felker of counsel), for defendant Adler Industrial Services, Inc.
Kirkland & Ellis LLP, New York City (Daniel Cellucci of counsel), for defendant Ironclad Environmental Solutions, Inc.
Barclay Damon LLP, New York City (Robert K. Gross of counsel), for defendant Moove USA Corp.

Aaron D. Maslow, J.

Questions: In determining the expiration of a statute of limitations period, does one include the claim accrual date? How does one account for a leap day in the middle of the period? What if the statute of limitations period expires on a Sunday? Per the Court's research there is no reported decision in which all these questions were considered together in determining whether an action was timely commenced. The answers to these questions will determine whether the instant action was timely filed and, thus, control the outcome of branches of motions to dismiss the plaintiffs' complaint.
The instant action concerns an alleged oil spill and subsequent fire which occurred on March 31, 2021, at 60 and 82 Davidson Street in Staten Island, NY. Plaintiffs are the owner, its [*2]principals, and lessees of the property located at 243 Grandview Avenue, Staten Island, which was adjacent to 60 and 82 Davidson Street. Defendants are alleged to be the owner, or its principals, of the properties of 60 and 82 Davidson Street; lessees at said locations; installers and/or maintainers of oil tanks at said locations; an insurance company providing liability coverage; and entities which performed remediation work at said locations following the oil spill. Plaintiffs claim to have sustained personal injuries and property damage as a result of the oil spill, the resulting fire, and subsequent remediation undertaken through demolition, clean-up, and hazardous materials removal.
Plaintiffs' causes of action sounded in strict liability pursuant to Navigation Law article 12; negligence against the initial discharging defendants; negligence in failing to prevent the oil spill and adequately remediate the resulting consequences; private nuisance; and negligent infliction of emotional distress. Five motions to dismiss the complaint's causes of action pursuant to CPLR 3211 were filed by certain defendants: Motion Sequence No. 3 by 60 Davidson LLC and Ari Farkas, Motion Sequence No. 4 by ACV Environmental Services, Inc. and ACV Enviro Corporation; Motion Sequence Nos. 5 and 7 by Ironclad Environmental Solutions, Inc.,[FN1]
and Motion Sequence No. 6 by Commercial Lubricants, LLC.
The Court presided over oral arguments on said motions on September 20, 2024, and a decision was dictated on the record. The determinations on the motions were reflected in an order dated that day and entered on October 1, 2024. In said order, the Court "reserve[d] the right to further explicate its decision (given on the record in open court with a court reporter) with regard to the issue of the statute of limitations raised by various Defendants" (NYSCEF Doc No. 147, order). The Court now explicates its reasoning rejecting those branches of the motions to dismiss which relied on the affirmative defense of the statute of limitations.[FN2]

All moving defendants asserted the statute of limitations as a ground for dismissal of the complaint, some in more detail than others: 60 Davidson LLC and Ari Farkas (see NYSCEF Doc No. 60, mem law at 11-12), ACV Environmental Services, Inc. and ACV Enviro Corporation (see NYSCEF Doc No. 80, mem law at 3), Ironclad Environmental Solutions, Inc. (see NYSCEF Doc Nos. 95, mem law at 11; 108, mem law at 2), and Commercial Lubricants, LLC (see NYSCEF Doc No. 104, aff ¶ 2 n & ¶ 6).
The moving defendants' argument concerning the statute of limitations was grounded in CPLR 214 (4)'s and (5)'s provisions that actions to recover damages for injury to property or person must be commenced within three years. The causes of action accrued on March 31, 2021. The action was commenced with the filing of a summons and complaint on March 31, 2024.[FN3]
2024 was a leap year and February 29, 2024 was included in the post-accrual period. The argument was that since General Construction Law § 58 defines a year as 365 days, the statute of limitations period expired 1,095 days after March 31, 2021, i.e., on March 30, 2024. Thus, the argument went, the action was commenced one day too late.
The moving defendants misconstrue cited operative provisions of the General Construction Law and have not considered others. First, it is imperative to note that they overlooked General Construction Law § 20, which provides in pertinent part:
A number of days specified as a period from a certain day within which or after or before which an act is authorized or required to be done means such number of calendar days exclusive of the calendar day from which the reckoning is made. . . . In computing any specified period of time from a specified event, the day upon which the event happens is deemed the day from which the reckoning is made. The day from which any specified period of time is reckoned shall be excluded in making the reckoning.
As applied here, this means that the accrual date of March 31, 2021 is excluded from reckoning the three-year statute of limitations period.
The next relevant section of the General Construction Law is the one cited by the moving defendants, § 58:
The term year in a statute, contract, or any public or private instrument, means three hundred and sixty-five days, but the added day of a leap year and the day immediately preceding shall for the purpose of such computation be counted as one day. In a statute, contract or public or private instrument, the term year means twelve months, the term half year, six months, and the term a quarter of a year, three months.
Since the statute of limitations provided for a three-year period for the various causes of action in the plaintiff's complaint, one must multiply 365 by three, which yields a product of 1,095 days. It is true that literally the 1,095th day following March 31, 2021 — without including March 31, 2021 — was March 30, 2024, as espoused by the moving defendants. However, they did not take into account that "the added day of a leap year and the day immediately preceding shall for the purpose of such computation be counted as one day" (General Construction Law § 58). As such, February 28, 2024 and February 29, 2024 were in effect consolidated into one day for purposes of counting the 1,095 days. Effectively, the 1,095th day following March 31, 2021 — again, without including March 31, 2021 — was March 31, 2024.
The summons and complaint were efiled on March 31, 2024 with the County Clerk. Hence, the causes of action were timely interposed within the three-year statute of limitations. However, the legal analysis does not conclude at this point. The moving defendants failed to note that March 31, 2024 was a Sunday. Another provision of the General Construction Law, § 25-a (1), must be applied:
When any period of time, computed from a certain day, within which or after which or [*3]before which an act is authorized or required to be done, ends on a Saturday, Sunday or a public holiday, such act may be done on the next succeeding business day. . . .
By operation of this provision of law, the three-year statute of limitations thereby expired on Monday, April 1, 2024. So in actuality, the plaintiffs filed their summons and complaint a day prior to the expiration of the statute of limitations.
It should be added that even if the moving defendants were correct that the last day to file the summons and complaint was March 30, 2024, General Construction Law § 25-a (1) would save the timeliness of the filing because March 30, 2024 was a Saturday and the deadline would have been extended to Monday, April 1, 2024.
This Court's analysis of the applicable statute of limitations for property and personal injuries is supported by the decision in Bacalokonstantis v Nichols (141 AD2d 482, 484 [2d Dept 1988]), wherein the Court dealt with the one-year and 90-day statute of limitations set forth in General Municipal Law § 50-I and stated, "The proper method when computing time periods is to exclude the day of the event and to include the last day up to midnight of that day (General Construction Law § 20)." In Bacalokonstantis, it so happened that service was one day past the expiration of the statute of limitations.[FN4]
(Bacalokonstantis did not involve a leap-day issue or the issue of a period expiring on a weekend.)
Moving defendants 60 Davidson LLC and Ari Farkas cited Elkaim v Lotte NY Palace Hotel (2019 NY Slip Op 32911 [Sup Ct, NY County 2019], affd 193 AD3d 566 [1st Dept 2021]), as supporting its position that the calculation of a statute of limitations period of years from a date on which an event occurred expires on the preceding date in the end year (see NYSCEF Doc No. 60, mem law at 12). With all due respect, the trial court in that case miscalculated the expiration dates due to its failure to consider that the accrual dates (the dates the events occurred)[FN5]
had to be excluded from the reckoning, as mandated by General Construction Law § 20. The Appellate Division, in affirming the trial court's order, did not deal with the issue of the statute of limitations. Rather, its decision rested upon the failure of the plaintiff to serve the complaint timely following demands for a complaint in a situation where the commencing paper was a summons with notice.
The decision in Ashurova v City of New York (2007 WL 6899444 [Sup Ct, NY County 2007]), cited by defendants 60 Davidson LLC and Ari Farkas (see NYSCEF Doc No. 60, mem law at 12) supports this Court's analysis. There, the Court impliedly pointed out that the accrual date is excluded from the reckoning: "[T]he 'clock' on the restriction on commencement of a lawsuit against Port Authority did not begin to run until the day after the cause action accrued" (2007 WL 6899444). As applied to the facts in that case, the 365th day following February 9, 2006 (when the injuries occurred) was February 9, 2007, i.e., the same date in the following [*4]year.[FN6]

Accordingly, the questions posed at the outset of this decision are answered as follows: In determining the expiration of a statute of limitations period one accounts for a leap day in the middle of the period by deeming the two-day period of the preceding day and the leap day as one 24-hour day. If a limitations period expires on a Sunday, the expiration day becomes the next succeeding business day. Moreover, the accrual date for a statute of limitations period is excluded from the reckoning. This Court denied those branches of the moving defendants' motions seeking dismissal on a statute of limitations argument. The summons and complaint were timely filed with the Clerk.
HON. AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:Motion Sequence No. 7 was identical to Motion Sequence No. 5, but for the addition of a branch seeking dismissal of a cross-claim interposed by Moove USA Corp. against Ironclad Environmental Solutions, Inc. Motion Sequence No. 5 was denied as academic.

Footnote 2:Other issues determined by the Court included whether one defendant had assigned its lease years prior to the oil spill and whether the complaint adequately pled the various causes of action. The Court applied case law to the effect that pleadings should be liberally construed, citing IKB Intl., S.A. v Wells Fargo Bank, N.A. (40 NY3d 277 [2023]); Moore Charitable Found. v PJT Partners, Inc., 40 NY3d 150 [2023]; Watkins v New York City Tr. Auth. (230 AD3d 538 [2d Dept 2024]); and Wohlgemuth v Land Constr., LLC (18 AD3d 650 [2d Dept 2005]). The cause of action sounding in nuisance was dismissed, the Court relying on Del Vecchio v Gangi (225 AD3d 666 [2d Dept 2024]). The cause of action sounding in negligent infliction of emotional distress was also dismissed, the Court relying on Taggart v Costabile (131 AD3d 243 [2d Dept 2015]).

Footnote 3:Thereafter a supplemental summons and amended complaint and a second supplemental summons and second amended complaint were filed.

Footnote 4:. When Bacalokonstantis was decided commencement of an action was by service. Subsequently, the CPLR was amended to provide for commencement by filing.

Footnote 5:. There were several accrual dates due to different dates on which events occurred.

Footnote 6:. Matter of Antine v City of New York (14 Misc 3d 161 [Sup Ct, NY County 2006]) also supports this Court's determination but it did not present an issue of the limitations period expiring on a weekend.